JANE KERR, Appellant, *v.* JANE F. KERR, Respondent.

A divorce granted in Indiana, where neither of the parties, in fact, resided at the time, and where there had been no personal service of process within that State upon the defendant, nor authorized appearance for her, is invalid here, although the Indiana record recites the residence of the plaintiff in good faith for one year within the State of Indiana, and shows an appearance for the defendant by one purporting to be an attorney-at-law in that State.

The Constitution of the United States, and the acts of congress, declaring that full faith and credit shall be given in each State to the judicial proceedings of every other State, and the acts of congress declaring that the judgments of the State courts shall have the same faith and credit in other States, as they have in the State where they are rendered, do not prohibit an inquiry by the courts of this State into the jurisdiction of the court of another State, in which the original judgment was rendered; nor an inquiry into the right of that court to exercise authority over the parties or the subject-matter, nor an inquiry whether the judgment is founded upon, or impeachable for fraud; and such judgment may be inquired into in these respects, although according to the statements in the record itself, the court had acquired jurisdiction, both of the person and the subject-matter.

A surrogate has the power, under the act of 1837 (§ 34, chap. 460), to revoke letters of administration, granted to a person claiming to be the wife of the intestate, when the fact that she is not such wife, is brought judicially to his notice.

(Cause argued September 28th, 1869; decided December 21st, 1869.)

THIS was an appeal from a judgment of the General Term of the Supreme Court, in the second judicial district, affirming an order and decree of the surrogate of Kings county.

Richard E. Kerr, died in August, 1867, intestate; on the 28th of that month Jane Kerr, the appellant, presented her petition to said surrogate, duly verified, setting forth that she was the lawful wife of said intestate at the time of his death, and now his widow, &c., &c., upon which letters testamentary were on that day duly issued to her as such widow.

On the 3d day of September, 1867, another petition was presented to the surrogate by Jane F. Kerr, the respondent, setting forth that she was the lawful wife of the intestate, at the time of his death, and now his widow, &c., &c.; and also

setting forth the previous application, and the issuing of letters thereon to said Jane Kerr, denying her right to the same, and praying for a citation to said Jane to show cause why her letters should not be revoked, and new letters issued to the petitioner.

A citation was issued, and served upon said Jane Kerr, to which she answered that she was the lawful wife of said Richard E. Kerr, at the time of his death, to whom she was married February 24th, 1867; that said Richard died August 22d, 1867, leaving her his lawful widow, him surviving, as set forth in her petition to the surrogate, on which the letters to her were granted; and that the said Jane F. Kerr was not the widow of said Richard E. Kerr.

Upon this issue, proofs were taken, and a hearing had before the surrogate on such proofs, petition, and answer; whereupon the surrogate made an order revoking the letters previously issued to Jane Kerr, the appellant, and then made a decree, granting letters of administration on the estate of said Richard E. to Jane F. Kerr, the respondent.

On appeal, that order and decree was affirmed by the Supreme Court, and this appeal is from that affirmance.

*Samuel Garrison*, for appellant, cited *Dobson* v. *Pearce* (12 N. Y., 156); *Hatcher* v. *Rochelean* (18 N. Y., 86); *Rocco* v. *Hackett* (2 Bosw., 579); *Vischer* v. *Vischer* (12 Barb., 640).

*Thos. C. Fields*, for respondent, cited 3 Edw. Ch., 325; Dayton on Surrogates, 694; 1 Barb. Ch. R., 302; Laws of Indiana, 1859; *Abington* v. *North Bridgewater* (23 Pick, 170); 1 Story Confl. of Laws, 41; 2 Bishop on Divorce, 119; 42 Barb., 317; *Porter* v. *Bronson* (19 Abb., 236); 10 Barb., 547; 6 How., 292; 1 Daly, 440.

JAMES, J. No question was made on the hearing, but that the letters granted to the appellant, were granted upon the representations made in the petition presented by her to the surrogate. In that petition, she stated that she was the

lawful wife of said Richard E. Kerr at the time of his death, and, then, his lawful widow. It was clearly shown that she had good reason for so believing and stating; the marriage ceremony had been duly performed between her and the deceased; they had lived together as man and wife for over seven months; there were no obstacles to such a marriage on her part, and she knew of none on his.

Still this marriage was illegal and void, because, as the proof showed, he had another wife living. This fact was sought to be overcome, first, by evidence that said former wife had a former husband living at the time of her marriage with said intestate; and second, by proof of a divorce on the part of her husband, from such former wife, previous to said last marriage.

A former husband of said respondent was proved to be living at and after her marriage with the intestate; but this fact was met and overcome by a judgment of divorce, regular and valid between said respondent and her said former husband, previous to her marriage with said intestate.

The evidence to establish a divorce between said respondent and said intestate, was an exemplified copy of a judgment record of the Circuit Court of Floyd county, State of Indiana. The unverified complaint asserts that the plaintiff therein, Richard Kerr, was then, July 20th, 1866, and for more than a year then last past had been a *bona fide* citizen of the State of Indiana, and a resident of Floyd county. The laws of the State of Indiana require the petitioner, or plaintiff, to have been a *bona fide* resident of the State for one year previous to filing his bill for a divorce. The proof was ample to show, and did show, that from 1862, up to the time of his death in 1867, the said intestate was a citizen and resident of the State of New York; and hence the court in Indiana had no jurisdiction to entertain proceedings in his favor for a divorce against his wife, then a resident of this State.

Again, this record did not show any service of process, or notice of said proceeding on the defendant therein; but it did show that a firm, Howd & Weir, describing themselves

as attorneys (but of which there was no proof), did appear and answer for her. But the proof taken showed affirmatively, that no process in said action, or notice of the same, had ever been served on her; that she had no knowledge of said action, and never, either directly, or indirectly, authorized said attorneys, or any other attorney, or persons, to appear or answer for her in said action or proceeding. That being so, the court had no jurisdiction of the person of the defendant, nor authority to proceed and grant a judgment against her.

It was insisted, that a foreign judgment could not be inquired into collaterally, or impeached by parol evidence. But the judgment of a court of a sister State has no binding effect in this State, unless the court had jurisdiction of the subject-matter, and of the persons of the parties. Want of jurisdiction is a matter which may always be interposed against a judgment when sought to be enforced, or when any benefit is claimed for it; the want of jurisdiction, either of the subject-matter, or of the person of either party, renders a judgment a mere nullity. (*Berdan* v. *Fitch*, 15 J. R., 121; *Andrews* v. *Montgomery*, 19 J. R., 162; *Shumway* v. *Stillman*, 3 Cow., 372; *Shelton* v. *Parry*, 6 How., 163, 186.) It was said in *Noyes* v. *Butler* (6 Barb., 613), "the Constitution of the United States, which declares that full faith and credit shall be given in each State to the judicial proceedings of every other State; and the acts of congress, which declares that the judgments of the State courts shall have the same faith and credit in other States, as they have in the State where they are rendered, do not prevent an inquiry into the jurisdiction of the court in which the original judgment was rendered; nor an inquiry into the rights of the State to exercise authority over the parties, or the subject-matter; nor an inquiry whether the judgment is founded on, or impeachable for fraud; and that such a judgment may be inquired into, although the record states facts, giving the court jurisdiction. Such record is never conclusive as to recitals, or statements of jurisdiction." (5 Wend., 158; 6 Wend., 454.) Therefore, such proof being admissible, and the evidence given in

this case having clearly shown a want of jurisdiction in the court to entertain the proceeding, and render judgment, the judgment record produced on the hearing was properly held, as not establishing a divorce of the intestate from the respondent herein, previous to his pretended marriage with the appellant.

Upon the proofs, therefore, the respondent was clearly shown to have been the lawful wife of the intestate, at the time of his death, and his widow at the time of presenting her petition; and by the same evidence, the appellant was shown not to have been the lawful wife of said intestate, and now his widow; hence the latter was not entitled to letters upon his estate.

The authority, for the surrogate to revoke letters of administration granted, under such circumstances, as were those in this case, is to be found in the act of 1837, and in the general powers of that court. (*Sipperly* v. *Bowers*, 24 N. Y. Rep., 46.) See, also, *O'Gara* v. *Eisenlohn* (38 N. Y., 296). Section 33 of the Act of 1837, declares: "Whenever it shall appear to the surrogate, that letters of administration have been granted on, or by reason of any false representations, made by the person to whom the same were granted, the surrogate, on the application of any person interested, shall have power to revoke such appointment." In this case, the appellant was appointed administratrix, "on and by reason of the false representations made by her in her petition, duly verified, that she was the lawful wife of said intestate, at the time of his death, and his then widow." Such representations were false, though honestly made, and at the time believed by her to be true. This, however, does not affect the power given by the statute to the surrogate; that power is given, and may be exercised whenever an appointment has been obtained by the false representation of the person appointed, without regard to the belief, of that person, in its truth, or motive in making it. A false representation is none the less false, because the person making it believed it to be true.

I am, therefore, of the opinion that, upon the clear and well established facts of the case, the surrogate was right in his order, revoking the letters of administration issued to the appellant.

Such revocation being made, the decree appointing the respondent administratrix, upon her petition, followed as a matter of course, she being the person entitled to the same.

Judgment of Supreme Court affirmed.

GROVER, J. The respondent presented her petition to the surrogate, praying for the revocation of the letters of administration issued to the appellant upon the estate of Richard E. Kerr, pursuant to section 34, chapter 460, Laws of 1837 (2 R. S., 222, § 7). That section provides, that whenever it shall appear to the surrogate that letters of administration, &c., shall have been granted on, or by reason of false representations, made by the person to whom the same were granted, the surrogate shall have power to revoke such letters. The ground upon which the appellant procured the letter to be issued to her was, that she was, at the time of the decease of Kerr, his wife; and the letters were issued to her as his widow. The allegation of the respondent, in her petition, was, that the appellant was not the wife of the intestate at the time of his decease, but that she, respondent, was such wife, and therefore, entitled to administer by reason of being his widow. The counsel for the appellant insists, that it having appeared from the evidence, that to determine which of the parties was the wife and widow of the intestate, it was necessary to inquire into, and pass upon the validity of a judgment divorcing the intestate from the respondent, rendered by a Circuit Court of the State of Indiana, it was not competent for the surrogate to decide that question, and that he should have dismissed the proceeding. In this position, I do not concur. The statute expressly empowers the surrogate to determine the truth or falsity of the allegations upon which the letters were issued. This includes the power to decide every incidental question necessary for that purpose, whether

such question be one of fact or law. If the judgment was valid, and the marriage between the respondent and the intestate was thereby dissolved, the appellant was entitled to administer upon the estate as widow. If not, she was not so entitled, but the respondent, as widow, was entitled to letters authorizing her to administer. From the evidence, it appeared that the marriage between the intestate and respondent was celebrated in the State of New York. That both of the parties resided, and were domiciled in this State at the time, and that each so continued until the death of the intestate. That no process in the suit instituted by the intestate in Indiana was ever served upon the respondent, nor did she have any notice of the proceeding. Although it appeared from the record that attorneys appeared for the respondent in the suit, yet it was proved by the respondent that she never authorized them to appear, and had no knowledge thereof. That such appearance was not only a fraud upon the respondent, but also upon the court in Indiana, and the laws of that State. The judgment was therefore void as to the respondent. (*Shumway* v. *Stillman* 6 Wend., 447, and cases cited.) This renders it unnecessary to inquire whether the judgment was not also void, by reason of the fact, that the intestate was not a resident of the State of Indiana, as required by the laws of that State. The judgment awarding the divorce being void, the respondent continued the lawful wife of the intestate, notwithstanding his subsequent marriage with the appellant in this State. That marriage was void, for the reason that at the time of its occurrence the intestate had a wife living. The surrogate was right, therefore, in revoking the letters granted to the appellant, and in granting letters to the respondent, and the judgment of the Supreme Court affirming the same must be affirmed.

All the judges concurring, judgment affirmed.