EMMA HOFFMAN, Respondent, *v.* WILLIAM HOFFMAN, Appellant.

A decree of divorce obtained in another State, the defendant not being served with process, and both parties at the commencement of the suit and during its pendency being residents of this State, is invalid.

An attempt by the defendant in such suit, made in a court of the State where decree was granted, to set it aside, which was defeated upon technical grounds solely, does not affect the question.

The record of such decree is not conclusive as to jurisdiction, but the facts therein stated giving the court jurisdiction may be disputed. This rule is not in conflict with section 1, article 4, of Constitution of the United States.

(Argued June 4th, 1871; decided September 2d, 1871.)

APPEAL from judgment of the late General Term of the first judicial district, affirming judgment entered upon decision of the court in favor of plaintiff.

The action is brought for a divorce upon the ground of adultery. The answer admits the adultery, but sets up a decree of divorce obtained by defendant in the State of Indiana. The facts appearing upon the trial are sufficiently stated in the opinion.

*L. J. Chatfield,* for the appellant, that under the Constitution of the United States (section 1, article 4) the Indiana decree was valid and binding here, *Mills* v. *Duryea* (7

Cranch, 481); Constitution, art. 4, § 1; *Kemp's Lessee* v. *Kenedy* (5 Cranch, 173); *Mayhew* v. *Thatcher* (1 Whea., 129); *Cheever* v. *Cheever* (9 Wallace, 108); 9 Pet., 8 ; 10 Pet., 449 ; *The Mary*, 9 Cranch, 126; 3 Cranch, 300; *Black* v. *Black*, Bradf. That such former adjudication is a bar. (*Neafie* v. *Neafie*, 7 John. Ch., 1; *Perine* v. *Dunn*, 4 id., 140; 2 Comst., 113 ; 4 Johns. Ch., 199 ; *Noyes* v. *Butler*, 6 Barb., 113.)

*E. M. Wright*, for respondent, that the Indiana decree was void for want of jurisdiction, Laws of Indiana, fol. 200 ; *Shannon* v. *Shannon* (Am. Law Reg. 1863, 180); S. C., 10 Allen Mass. R., 249 ; *Frost* v. *Brisbin* (19 Wend., 11); *Chaim* v. *Wilson* (1 Bosw., 673) ; *Borden* v. *Fitch* (15 Johns., 151); *Bradshaw* v. *Heath* (13 Wend., 406) ; *Jackson* v. *Jackson* (1 Johns., 424); *Vischer* v. *Vischer* (12 Barb., 640) ; *McGiffert* v. *McGiffert* (31 Barb., 69) ; *Kerr* v. *Kerr* (41 N. Y., 272); *Sturgis* v. *Fay* (16 Ind., 429); *Beard* v. *Beard* (21 Ind., 321) ; *Forrest* v. *Forrest* (25 N. Y., 501).

PECKHAM, J. There is but one question in this case. Is the judgment of divorce, obtained by the defendant against the plaintiff in the State of Indiana, of any force here ? From the facts as found by the referee, and sustained by the proof, it appears that on the 7th day of April, 1857, the defendant applied to a court in Indiana for a divorce, and obtained a judgment therefor on the fifth of June following, within two months after presenting his petition. He obtained it upon the ground of adultery committed by this plaintiff.

But at the time of commencing his suit there, and while it was pending, both parties resided in the city of New York. No process was served upon this plaintiff in that suit; it appears she had no knowledge of it, and authorized no appearance in it.

Her subsequent attempt by a suit in the courts of Indiana, to set that judgment aside for fraud, has no bearing upon this

question.   Though she succeeded at the trial, and obtained the decree upon the ground, that he had obtained a divorce upon the indispensable fact that he was a *bona fide* resident of that State, when in truth he was not, but then resided in this State, this judgment was set aside upon appeal, for the reason that the party was confined by statute to a motion for a new trial in a court of law, and must comply with the provisions of their statute on that subject.

It thus appears that this defendant obtained this judgment in Indiana by fraud.   By fraud upon the laws of that State as well as of this.   The statutes of that State require that a party in such case, in order to be entitled to this relief, should be " at the time a *bona fide* resident of the county in which the petition is filed."   (Act of 1852, § 6.)

The obvious reason why he went to that State was, because he had condoned the offence, and in answer to a suit here, it would have been proved.   It was equally an answer in Indiana ; hence the necessity of obtaining the judgment without any notice to the wife.

It is impossible to sustain this Indiana judgment, without coming in conflict with every decision of our own courts touching this question.   (*Kerr* v. *Kerr*, 41 N. Y., 272, and cases there cited.)

A contract of marriage, regarded in this State as a solemn obligation, is a mere farce if it can thus be dissolved.

The dissatisfied party need only take the cars for another State, and upon alighting there may at once institute proceedings for divorce.   Residence for no particular time seems then to have been required in Indiana, only a "*bona fide* residence."

It is almost necessarily an *ex parte* proceeding, where the other party, as here, resides in New York.   In such case the statute of Indiana requires notice of the petition to be published, once a week for three weeks " in some weekly paper of general circulation, printed and published in such county ; or, if there be no such paper, then in the one printed and published in this State, nearest to the county seat of such county."   (Act of 1852, § 11, Laws of Indiana.)

There is no probability that such a notice would reach the opposite party.

The State might as well have enacted, that a divorce might there be procured by a *bona fide* resident, without any notice whatever to a non-resident, upon proof of the required facts. Honest justice would be thus quite as well attained.

Is the record of this judgment conclusive upon the courts of this State?

It is the settled doctrine of this State, that such record is not conclusive as to the question of jurisdiction.

It is not conclusive even though it states facts, which give the court jurisdiction; but these alleged facts may be shown to be untrue. (*Mills* v. *Duryee*, 2 Am. Lead. Cases, 725, note, and cases cited; *Shumway* v. *Stillman*, 6 Wend., 447; *Starbuck* v. *Murray* 5 Wend., 148; *Noyes* v. *Butler*, 6 Barb., 613; *Kerr* v. *Kerr, supra.*)

There are authorities in some States against this position, holding that statements in a record of a sister State are conclusive. In the United States Court, Mr. Justice CLIFFORD, in *Christmas* v *Russell* (5 Wall., 290), said that such judgments " are open to inquiry as to the jurisdiction of the court and notice to the defendant."

In *Cheever* v. *Wilson* (9 Wall., 108, 123), Mr. Justice SWAYNE, after stating that the fact, that the petitioner did reside in the county (in Indiana) where the petition was filed, is expressly found by the decree, remarked, "whether this finding is conclusive or only *prima facie* sufficient, is a point on which the authorities are not in harmony. We do not deem it necessary to express any opinion upon the point."

In holding this record void in the courts of this State under the facts, it is not intended, in any degree, to impair the force of the federal Constitutional provision, " that full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State."

That provision was never intended to embrace a case like this. The Constitution did not mean to confer a new power or jurisdiction, but simply to regulate the effect of the.

acknowledged jurisdiction over persons and things within the State. (Story's Com. on Con. ; *Mills* v. *Duryee*, 2 Am. L. cases, 623, note.)

The necessary effect of sustaining this decree would be, to allow any other State substantially to make laws for this State; to regulate not only our domestic relations of husband and wife, but almost every other right.

A court has no more authority to assume jurisdiction over a marriage contract than over any other subject, without due service of process or the appearance of the party defendant.

Had the husband instituted his suit for divorce in this State, instead of Indiana, he could not have obtained a decree therefor upon the facts found in Indiana. Here he must state, under oath, that he has not voluntarily cohabited with the defendant since the discovery of the adultery. In that State it is made matter of defence, but the plaintiff is not required to make oath in regard to it.

For the reason, therefore, that the court in Indiana had no jurisdiction of the subject of the action, as the plaintiff in that action was, in fact, a resident of this State at the time he claimed to have resided there, and went to Indiana only to obtain this decree, and the defendant therein, was during all the time a resident of this State, was never served with process or appeared in that action, the decree therein cannot be enforced here, but must be held void. This decision may operate harshly upon innocent parties, but it cannot affect the rule of law.

Judgment affirmed, with costs.

All concur.