, By the Court.—Curtis, J.
There has been a conflict of decisions as to how far a defendant, sued upon a judgment recovered in another State, might impeach it, when it appears to be regular on its face. In this State, from an early period, the principle seems to have been generally adhered to, that the defendant under such circumstances was not precluded from showing that he was never served with process, and never appeared or authorized any appearance to be entered for him, and thus show facts impeaching the jurisdiction over the parties of the court rendering the judgment (Black’s Case, 4 Abb. P. R. 162; Kerr v. Kerr, 41 N. Y. 272).
The adherence to a rule contrary to this, and turning over a defendant who had never been served with process, and who had never authorized an appearance to a remedy against some one who had appeared for him in another State without authority, especially in case the attorney so appearing was irresponsible, might often operate very unjustly and ruinously to the defendant.
The full faith and credit -which section 1, article 4 of the Federal Constitution requires to be given in each State to the records and judicial proceedings of every other State, can only be justly construed as referring to those records and judicial proceedings where the State court has jurisdiction of the suit and of the parties to it; when it was otherwise, .it could never have been intended by the framers of the constitution that they could not be called in question and impeached.
It would be unjust and oppressive to hold, that, although the appearance is without authority, the defendant is bound by the judgment, until he gets it opened in the court where it was rendered. If it is a nullity, it should be sufficient for him to show it to be *134 so, when it is attempted to be enforced. There is no justice or propriety in enforcing it against him, until he can succeed in establishing, in perhaps a distant locality, that it is void.
The principle that leads courts to hold, that the validity of judgments in other courts of the saipe State shall not be disputed collaterally, but that applications must be made to the court rendering the judgment, does not apply to judgments recovered in other States. It is not the policy of the law, that a citizen shall be cut off from recourse to the courts of his own State for protection from a spurious judgment.
The views of this court, holding that the question of the authority of the attorneys who appeared for the defendant in another State, when a contested fact, is to go to the jury, are found in the report of a former trial of this case in 33 N. Y. Supr. Ct. R. 124.
This brings us to the consideration of the plaintiff’s second point, that the court erred in refusing to admit evidence to show that the defendant employed an attorney in California, and directed him to take measures to be relieved from the judgment, and that upon hearing all the counsel and affidavits on both sides, the motion was denied. The failure of such an application may be but an instance, in this very case, of the hardships and injustice to which a resident here may be subjected, who seeks to have a judgment that has been rendered against him in another State, without jurisdiction, set aside. There is -no reason why a failure of a motion to be relieved from such a judgment in another State, should prevent the defendant from showing here, that the court in that State had no jurisdiction over the suit or the parties to it. The failure of such an application by motion, does not make the question of jurisdiction res adjudicóla. It never was intended to be, and is not, a barrier, when denied, to the other rights and remedies of the defendant claiming to be aggrieved.
*135 The judgment and order appealed from should be affirmed, with costs to abide the event of suit.