CASE 127—PETITION ORDINARY—OCTOBER 30.

# Wood v. Wood.

### APPEAL FROM CHRISTIAN CIRCUIT COURT.

1. A judgment of a justice's court of another state is to be treated as a
   foreign judgment, the presumption being that such courts have not
   general jurisdiction.
2. Both foreign judgments and judgments rendered by courts of sister
   states having general jurisdiction, may be collaterally attacked for
   want of jurisdiction, regardless of recitals in the judgment or record.
3. Service of process upon a defendant who has been brought within the
   reach of the process by the fraudulent representations of the plaintiff,
   confers upon the court no jurisdiction to render judgment, and any
   representation, whether true or false, is fraudulent, if made with a
   fraudulent design.
4. In this case, appellant induced appellee, who engaged in hauling, to
   haul to Clarksville, Tennessee, designing thereby to subject to the
   payment of his debt appellee's horse and wagon, which were protected
   by the exemption laws of this state.    Held—That the judgment of

Wood v. Wood.

the Tennessee court, thus obtained, is a nullity, and that appellant is liable in damages for the seizure and sale of appellee's property under attachment.

JOHN FELAND FOR APPELLANT.

1. Although the judgment relied upon as a defense to this action is to be treated as a foreign judgment, it cannot be thus collaterally attacked, except for want of jurisdiction. (McElfatrick v. Taft, 10 Bush, 160; Story's Conflict of Laws, 607; Greenleaf on Evidence, 679; 2 Phillips on Evidence, side page 186, and cases there cited; Barney v. Patterson, 6 Har. & Johns., 182, 202, 203; Grant v. McLochlin, Ib., 34; Thompson v. Tolime, 2 Peters' Reports, 157.)

2. Appellee having failed to attack the assignment to Irvin in the Tennessee court, is now estopped to do so.

3. The representation made by appellant to appellee being true, was not fraudulent, but, conceding that it was, that fact can avail nothing unless the assignment can be attacked.

FELAND & GRAVES AND H. A. PHELPS & SON FOR APPELLANT.

1. Appellee having failed to file a copy of the record of the Tennessee court, is without legal proof that appellant had his property sold under attachment.

2. A judgment rendered by a court of another state is conclusive, and cannot be attacked when relied upon as a defense to an action. (Story's Conflict of Laws, pp. 500 and 504, 2d ed.; 3 J. J. Mar., 601; 1 Hardin, 418; 5 Dana, 512; 15 B. M., 319; 5 Bush, 203.)

3. If the assignment to Irvin was fraudulent, appellee should have relied upon that fact as a defense in the Tennessee court.

S. J. BOYD FOR APPELLEE.

1. The assignment to Irvin was not made in good faith.

2. A foreign judgment may be impeached for fraud. (1 Phillips on Evidence, 178.)

3. Appellant having fraudulently induced the appellee to go into the state of Tennessee, the courts of that state had no jurisdiction over appellee or his property, and the judgment relied upon in this case is a nullity. (Timmons v. Garrison, 4 Hump., 148; Lightfoot v. Wallis, 12 Bush, 498; Dunlap v. Cody, 7 American Reports, 129.)

4. The jurisdiction of a court of another state must be proved, as any other fact. (Gibbard v. Garner, 12 Bush, 321.)

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

Appellant, having a claim against appellee, reduced it to judgment in the Christian county (Kentucky) circuit court,

the county of the residence of both parties, caused execution to be issued on the judgment, which was returned "no property found." Appellee was a housekeeper with a family, and owned a pair of horses and a wagon, which were exempt from execution. Appellee engaged in hauling from Clarksville, Tennessee, to Hopkinsville, Kentucky, and while in the state of Tennessee his horses and wagon were seized and sold under attachment at the suit of one Irvin, on the debt claimed by appellant, which had been assigned to Irvin. On the return of appellee to Kentucky, he instituted this action in the Christian circuit court against appellant, claiming $600 damages for the seizure and sale of his horses, and alleging that appellant induced him to go to Tennessee for the fraudulent purpose of subjecting him to the jurisdiction of the courts of Tennessee, in order that the property mentioned might be taken in satisfaction of appellant's claim. He also alleged that the assignment of the claim to Irvin was without consideration. On the trial the jury found the damages suffered by appellee at $400, and returned an affirmative answer to the following interrogatory propounded by the court: "Did defendant, by counsel, or advice, or persuasion, induce the plaintiff to take the property to Tennessee with the intent and purpose of subjecting the same in that state to the payment of his debt under legal proceedings?" Upon this verdict the court entered judgment for appellee for $400 in damages, and appellant appeals. The evidence shows that the assignment to Irvin was for the purpose of collecting the debt for the benefit of appellant, and that he was substantially the owner of the claim. In the Tennessee judgment, which was in a justice's court, it is recited that appellee was summoned, appeared, and admitted he owed the debt sued on.

Wood v. Wood.

The principal point in the case is, at the suggestion of ·counsel, that the judgment of the Tennessee court cannot be thus collaterally impeached.

The judgment having been rendered by an inferior court, presumably without general jurisdiction, will be treated as a foreign judgment. (McElfatrick v. Taft & Son, 10 Bush, 161.) But whether it be treated as a foreign judgment or as the judgment of a court of general jurisdiction rendered in a sister state, and therefore coming within the constitutional provision and the act of Congress in regard to the faith and credit to be given such judgments, is immaterial, as it is now held, both by the state and federal courts, that judgments of either character may be collaterally attacked for want of jurisdiction of the subject-matter or of the person, regardless of the recitals in the judgment or record. (Wharton on Conflict of Laws, sec. 811; Kerr v. Kerr, 41 N. Y., 272; Hoffman v. Hoffman, 46 N. Y., 30; Thompson v. Whitmore, 18 Wall., 457; and Knowles v. Gas-light and Coke Co., 19 Wall., 59.)

It is now perfectly well settled that the judgment of a court without jurisdiction of both the subject-matter and of the person is absolutely void. It is, in legal effect, no judgment. No rights can be acquired under it, and no rights ·divested by it. Whenever such a judgment is relied upon for any purpose or in any way, the fact of the existence of jurisdiction may be inquired into. The only serious question that has arisen of late years upon this matter is as to whether the judgment could be collaterally inquired into as tó the jurisdiction of the person when it recites on its face that there was service of process or personal appearance. But now even that question is practically at rest. The ·utmost effect of such judgments, containing a proper recital

as to service of process or appearance, is to present a *prima: facie* case of jurisdiction. To say that such a judgment is conclusive in a collateral proceeding, or when relied upon in any way, is to say that rights may be acquired under a judgment which is in fact a nullity.

It is insisted by counsel for appellant that if it be conceded. that such judgments may be questioned for want of jurisdiction, that this case does not come within the exception, because appellee was served with process and had an opportunity to defend.

It appears to us that the fact that appellee was served with process and had an opportunity to defend does not determine the question of the court's jurisdiction and of the validity of its judgment. It is admitted, that when jurisdiction properly attaches in the sovereignty where the judgment is rendered, the party resisting an enforcement of the judgment will not be permitted to rely upon a defense that could have been relied upon in the court rendering the judgment; but in such cases it is always an indispensable prerequisite that the jurisdiction properly attaches, for without it the judgment is a nullity. If the jurisdiction did not attach, there is no known rule of law that required appellee to go into court, or if in court, to tender any defense he might have to the merits of the controversy, or to object to the exercise of jurisdiction by the court. If appellee had made defense to the merits of the action, he would by his own act have conferred jurisdiction on the court, and its judgment would have been binding. This he did not choose to do, but stood mute, preferring to appeal for protection to the courts of the sovereignty from which he claims to have been fraudulently enticed.

Wood v. Wood.

It is insisted that the only representation made by appellant to appellee was to the effect that he could make profit by hauling from Clarksville, Tennessee, to Hopkinsville, Kentucky, and that as that representation was true, there was no fraud on the part of appellant that can affect the question of jurisdiction. It is not the truth or falsity of the representation that constitutes the fraud. It is the concealed motive lying in the breast of appellant and which prompted him to make the representation. A fraud may be perpetrated as well by suppressing the truth as by telling a falsehood.

So long as appellee remained within the territorial limits of this state, appellant, by reason of the exemption laws, had no enforceable claim against him, and as he did not willingly submit himself to the jurisdiction of the courts of Tennessee, but was induced by a device on the part of appellant to go within the borders of that state, appellant will not be permitted to take advantage of his own wrong, and thus receive benefits that would not have accrued but for the fraud.

From the special finding of the jury and the evidence contained in the bill of exceptions, there can be no doubt that the assignment of the claim to Irvin was resorted to in aid of the jurisdiction of the court, and that appellant remained the beneficial owner of the debt, and that the representations by appellant as to the advantages to accrue to appellee by going to Tennessee were not made in good faith to benefit appellee, but for the fraudulent purpose of getting him within reach of process of the courts of Tennessee.

It is an established principle that a valid act cannot be established by unlawful means, and that legal rights cannot

be acquired by fraud, for, in the language of Lord Coke, "it avoids all judicial acts, ecclesiastical or temporal." (Dunlap v. Cody, 31 Iowa, 260, reported in 7 American. Law Reports, with notes.)

Judgment affirmed.