Boynton, C. J.
The plaintiff in error was tried and con-rioted of bigamy, in the court of common pleas of Muskingum county, at its May term of the pi’esent year, and sentenced to the penitentiary. The state gave evidence at the trial, tending to show that in March, 1850, the accused was married to Lydia J. Fowler, who was still living, and that, on the 18th day of January, 1881, at said county, he intermarried with one Louisa Williams. The defendant offered in evidence what purported to be a record of a decree of divorce, granted by the county court of Larimer county, Colorado, by which it appeared that in an action apparently brought by the said Lydia J., she was divorced from the defendant at the December term of said county court in 1880, for some marital offense alleged and found to have been committed within that state.
He also offered in evidence, a copy of the General Laws of Colorado, by which a year’s residence was required by the party applying for a divorce, unless the marital offense was committed within the state, or while one or both of the parties resided therein.
*319 In reply to this evidence the state offered testimony tending to show that at the time said decree of divorce was granted, as well as at the time the action therefor was commenced, and for many years before, the defendant and his wife, Lydia J., were both residents of and domiciled in Ohio; and that neither of them had ever acquired a domicil in Colorado. Whereupon the court charged the jury, that if they found that neither the husband nor wife was domiciled in Colorado when the action for divorce was instituted or prosecuted, but that both were then domiciled in Ohio, the decree of the Colorado court was void or inoperative beyond the limits of that state. The question to be decided arises upon an exception to this instruction.
We think the instruction was correct.
The courts of one state have no jurisdiction over any marital offense, or cause of divorce, wherever arising, unless one of the parties has an actual dona fide domicil within the state. 2 Bishop on Mar. & Div. § 144; Cox v. Cox, 19 Ohio S. 502. Nor does it alter the case that the alleged marital offense was committed within the state where the divorce is sought, or that the parties submit to its jurisdiction.
What is wanting in such case is jurisdiction over the subject matter. Marriage is a status exclusively regulated and controlled by the laws of the state where the relation exists. Cheever v. Wilson, 9 Wall. 108.
It is upon this status that the decree of the court operates. If the courts of one state can dissolve the marriage relation of parties both of whom are domiciled in another, for an act or offense committed while the parties were temporarily within the former state, they could as well be clothed with jurisdiction to divorce parties for an act or offense, wherever committed, provided the defendant could be found and summoned within their jurisdiction.
The doctrine is, however, well settled, and is founded upon the most obvious considerations of public policy, that the law of the place of the .actual domicil, where both parties dwell within the same jurisdiction, governs not only as to the causes or grounds of divorce, but as to the tribunals in which the ac *320 tion therefor may be prosecuted. Story on Confl. Laws, § 230 a; Strader v. Graham, 10 How. 82, 93.
It is true that courts may be authorized to take jurisdiction where either of the parties is domiciled within the state; and a wife may acquire a domicil different from that of her husband whenever it is necessary or proper that she should have such separate domicil, and away from the domicil of marriage, or the place or state where the marital offense was committed. Cheever v. Wilson, supra; Bishop on Mar. & Div. § 128, a.
But it is held by numerous cases, and may be regarded as settled law, that a decree of divorce granted by another state in which neither of the parties was domiciled, is, beyond the limits of such state, a nullity. Sewell v. Sewell, 122 Mass. 156; Hoffman v. Hoffman, 46 N. Y. 30 ; Hood v. State, 56 Ind. 263 ; People v. Dowell, 25 Mich. 247; Litowich v. Litowich, 19 Kans. 451.
It is, however, said in argument, that the clause of the constitution of the United States requiring full faith and credit to be “given in each state to the public acts, records, and judicial proceedings of every other state” saves the Colorado decree from impeachment, and requires full force and effect to be given to it. This result quite likely would follow, if the Colorado court had acquired jurisdiction of both the parties and the subject matter of the action. But where jurisdiction is not acquired—a fact always open to inquiry, although the ree- or recite the facts necessary to give the same—the judgment is void, and the provision of the constitution has no effect upon it. Thompson v. Whitman, 18 Wall. 457; Knowles v. Gas Light & Coke Co., 19 Wall. 58; Price v. Ward, 25 N. J. Law, 225; Kerr v. Kerr, 41 N. Y. 272; Carleton v. Bickford, 13 Gray, 591; Folger v. Columbian Ins. Co., 99 Mass. 267, 273.
The jurisdiction of the court granting the decree was therefore open to inquiry, and the jury having found neither party to the decree to have been domiciled in the state where the same was rendered, it was entirely void beyond its territorial

Judgment affirmed.

*321 This case was decided before Longworth, J., came oh the bench.