1. EXECUTORS AND ADMINISTRATORS ⬤⟿17(1)—UNMARRIED FEMALE—PRIORITY.
    An unmarried female has priority over a married female in the granting of letters of administration.

    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 43, 49, 50; Dec. Dig. ⬤⟿17(1).]

2. EXECUTORS AND ADMINISTRATORS ⬤⟿17(5)—APPOINTMENT OF UNMARRIED SISTER—PROPRIETY.
    The surrogate was justified in issuing letters of administration to an unmarried sister of decedent; neither she nor a married sister sharing in the estate, and all prior parties having renounced.

    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 51, 52; Dec. Dig. ⬤⟿17(5).]

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. EXECUTORS AND ADMINISTRATORS ⊚⟿32(2)—REVOCATION OF LETTERS—POW-
    ER OF SURROGATE.
        The surrogate could not revoke, without taking evidence and making
    findings of fact, letters of administration issued to an unmarried sister
    of the intestate, who died unmarried leaving a father, mother, and sever-
    al brothers and sisters, where a married sister charged that the admin-
    istratrix willfully and deliberately concealed the relationship of such
    sister to the intestate, etc.

        [Ed. Note.—For other cases, see Executors and Administrators, Cent.
    Dig. §§ 201–212; Dec. Dig. ⊚⟿32(2).]

In the matter of the estate of Margaret M. Wallace. On motion
for reargument. Motion granted, and prior order to revoke letters
of administration granted a sister of the intestate vacated, without
prejudice to a new application to revoke.

Edward B. Bradley, of New York City, for petitioner.
Olvany, Russell & Ingle, of New York City (George W. Olvany and
Edward B. Schulkind, both of New York City, of counsel), for admin-
istratrix.

FOWLER, S. The petitioner for letters of administration was a
sister of the intestate, who died unmarried, leaving a father, mother,
and several brothers and sisters. The public administrator renounced
and letters issued to the sister who petitioned. The petition for letters
stated that the intestate was a citizen of the United States. The
application for revocation of her letters is brought under section 2569,
Code of Civil Procedure, subdivision 4, and alleges that the administra-
trix willfully and deliberately concealed the relationship of Mary
Gannon to the intestate (not having included her in the next of kin),
and falsely stated that there were no other persons interested in the
proceeding except those mentioned in the petition for letters. Section
2588, Code of Civil Procedure, reads:

    "Administration in case of intestacy must be granted to the persons *entitled
to take or share in the personal property*, who are competent and will accept
the same, in the following order.   *   *   *"

Neither the administratrix nor her sister are entitled to share in this
estate, and letters were issued to the sister who petitioned on the re-
nunciation of both the public administrator and a resident brother.
The administratrix denies that she deliberately omitted her sister's
name among the next of kin. The petitioner in the proceeding for
revocation, who is married, claims to be equally entitled with the ad-
ministratrix, who is unmarried, to letters.

[1] Matter of Curser, 89 N. Y. 401, is authority for the priority
of an unmarried female to a married female in the grant of letters
of administration. Subdivision 4, section 2569, reads:

    "4. Where the grant of his letters, or his appointment was obtained by a
false suggestion of a material fact."

[2] The administratrix having a prior right (neither sister sharing
in the estate and all prior parties having renounced) and the adminis-
tratrix being unmarried (Matter of Curser, supra), the surrogate was

justified in issuing letters to her. The surrogate revoked letters on the authority of Kerr v. Kerr, 41 N. Y. 272. In that case letters of administration were granted to the appellant upon representations made in her petition that she was the widow of the intestate. It was clearly shown that she had good reasons for believing that she was the widow and that when she married the intestate there were no obstacles on her part to such marriage and she knew of none on the part of the intestate. On an application to revoke her letters it was shown that the respondent, who was previously married to the intestate, was his lawful widow, as a judgment of divorce granted to the intestate before his alleged marriage to the appellant was void. Letters to the appellant were revoked by the surrogate, and this was affirmed on the ground that the representation of the appellant that she was the widow of the intestate was false in fact and none the less false because she believed it to be true.

[3] On reflection I think Kerr v. Kerr is not in point here, as the administratrix did not omit any of the relatives of the intestate who would have a prior right to letters. The petition for revocation alleges a deliberate omission, but this is denied in the administratrix's replying affidavit. In Matter of McDonald, 160 App. Div. 86, 145 N. Y. Supp. 267, the court held that the surrogate cannot revoke letters of administration where charges of misconduct are denied without taking evidence and making findings of fact.

Motion for reargument granted, and the prior order to revoke letters vacated, but without prejudice to a new application to revoke the letters setting up further facts if desired.