## Ex parte GREEN vs. ONEIDA COMMON PLEAS.

Where a suit is commenced by declaration, in the common pleas of one county, the copy of such declaration cannot be served on the defendant whilst in another county.

November 21.    A suit was commenced in the Oneida common pleas by the relator against one White, by the filing of a declaration. White's domicil was in the *county of Oneida,* but he was engaged at the time in the building of a house in the *county of Madison,* where a copy of the declaration was served upon him.   Upon this service a default was entered, judgment obtained, and execution issued.   On the motion of White, all proceedings in the suit subsequent to the *filing* of the declaration, were set aside by the common pleas for irregularity. Green asked for a *mandamus,* directing the common pleas to vacate the rule setting aside the proceedings.

*By the Court,* SAVAGE, Ch. J.   The common pleas did right in setting aside the proceedings.   Where a suit is commenced in the common pleas of one county, the declaration cannot be served in another county.   The provision in the statute that the service of a declaration may be by a sheriff, and that he may be ruled to return it, *Laws of* 1833, *p.* 394, § 2, implies that the service is to be in the county in the court of which

the declaration is filed.　A declaration in a suit commenced by declaration is analogous to process, and process in a suit commenced in the common pleas of one county cannot be served in another.　It would not be the regular and orderly conduct of a suit to file a *bill* against an officer of a court in one county, and serve him with a copy of such bill in another, and upon the same principle the service of the copy of the declaration in this case was irregular.