Noyes *v.* Butler.

———————— •-c-• ————————

SAME TERM.   *Before the same Justices.*

NOYES *vs.* BUTLER.

In an action upon a judgment of a court of a sister state, the jurisdiction of such court may be inquired into, although the record of the judgment states facts giving the court jurisdiction.

A record is never conclusive as to a recital or statement of jurisdictional facts. The defendant is always at liberty, when a suit is brought, here, on a judgment of a court of another state, to show a want of jurisdiction, notwithstanding the record avers the contrary.

No court can acquire jurisdiction by a false assertion of facts on which jurisdiction depends.   *Per* PAIGE, P. J.

But the record of a judgment recovered in another state, which states facts giving the court jurisdiction, will be received here as *prima facie* evidence of such facts.   The defendant, however, may contradict and disprove them.

Accordingly he may show that the court had not jurisdiction of the subject matter of the suit, or of his person, by the personal service of process, or by his appearance in the suit either in person or by attorney.

No statements, in a record, will conclude the parties as to any jurisdictional fact. But where the record of a court of a sister state, on its face, shows that the court had jurisdiction of the subject matter of the suit, and of the person of the defendant, such record is conclusive as to every other fact contained in it.

Where such a record does not show that the court acquired jurisdiction of the person of the defendant, the plaintiff in an action in this state founded upon the judgment can not prove, by parol evidence, in aid of the record, that the court which rendered the judgment did obtain jurisdiction of the person of the defendant, either by personal service of process, or by his appearance in person or by attorney.

Although a party may offer evidence to explain, he can not introduce it for the purpose of adding to, or contradicting a record.

If the record of a judgment recovered in another state, alledges that at a specified term of the court the parties *appeared*, and that the action was continued until a subsequent term, when judgment was rendered in favor of the plaintiff, this is sufficient, *prima facie*, to show that such court acquired jurisdiction of the person of the defendant.

Noyes *v.* Butler.

THIS was an action of debt, brought upon a judgment rendered by the court of common pleas of Merrimack county, New Hampshire. The defendant pleaded that he did not reside in New Hampshire at the time, and was not served with process in the suit; had no notice thereof, and did not appear in the action, &c. The plaintiff replied that the defendant appeared, &c. The cause was tried at the Essex circuit, in October, 1848, by Justice PARKER, without a jury. The plaintiff introduced in evidence the exemplification of the record of a judgment recovered in the court of common pleas of Merrimack county, New Hampshire, by the plaintiff against the defendant. It appeared by the record, that the suit was commenced by attaching certain real estate of the defendant, and by leaving with the town clerk of the town of Henniker, a copy of the writ of attachment. The record stated that the cause was continued to the September term (1838) of said court, and that at said September term, *the parties appeared,* and the action was continued from term to term, to September, 1839; that at that term, the plaintiff appeared, but that the defendant made default; that the action was further continued from term to term until September, 1840, when judgment was rendered in favor of the plaintiff, for $69,92 damages, and $24,62 costs. The defendant objected to the record as evidence, on the ground that it did not appear that the court acquired jurisdiction of the person of the defendant, by his appearance in person or by attorney. The plaintiff thereupon proved by the testimony of H. Chase, of New Hampshire, taken under a commission, that Chase was an attorney at law in Concord, New Hampshire, and was employed by the defendant, to appear for him in the suit in which such judgment was rendered, and that he did so appear therein; that the defendant retained him generally to appear and answer the said action, and that he did appear therein and answer the action in the usual manner; that the defendant, when he employed the witness to appear in the suit, directed him to see that the property attached was properly applied to satisfy the plaintiff's claim, and did not claim to have any defense as to any balance which might be due the plaintiff after

the application of the said property. The testimony of Chase was objected to by the defendant, on the ground that the appearance of the defendant in the suit in New Hampshire, could not be proved by parol. The defendant objected to the plaintiff's recovery, on the ground that the appearance of the defendant in the suit in New Hampshire, (if any had been proved) was only for the purpose of protecting the property attached; and also on the ground that it appeared from the record, that an execution had been issued on the judgment in New Hampshire, and that it had not been returned or accounted for. The justice overruled the objections, and directed a judgment to be entered for the plaintiff. The defendant excepted.

*T. A. Osborne,* for the defendant.

*M. T. Clough,* for the plaintiff.

*By the Court,* PAIGE, P. J. It has been repeatedly decided by the supreme court of this state, that a judgment of a court of a sister state is not conclusive upon the parties, and has no binding effect in this state, unless the court had jurisdiction both of the subject matter of the suit, and of the person of the defendant. The want of jurisdiction is a matter which may always be set up against a judgment when sought to be enforced, or where any benefit is claimed under it. The want of jurisdiction makes the judgment utterly void, and unavailable for any purpose. (*Borden* v. *Fitch,* 15 *John.* 140. 19 *Id.* 162, 164. 4 *Cowen,* 292. 5 *Wend.* 148. 6 *Id.* 447. 9 *Mass. Rep.* 467. 6 *Pick.* 232.)

The constitution of the United States, which declares that full faith and credit shall be given in each state to the judicial proceedings of every other state, and the act of congress of the 26th of May, 1790, which declares that the judgments of state courts shall have the same faith and credit in other states, as they have in the state where they are rendered, do not prevent an inquiry into the jurisdiction of the court in which the original judgment was rendered; nor an inquiry into the right of

the state to exercise authority over the parties, or the subject matter ; nor an inquiry whether the judgment is founded in, or impeachable for, fraud. (*Constitution of U. S. art.* 4, § 1. *Story's Confl. of Laws*, § 609. *Taylor* v. *Bryden*, 8 *John.* 173. *Mills* v. *Duryee*, 7 *Cranch*, 481. 19 *John.* 164. 15 *Id.* 140. 4 *Cowen*, 292.)

The jurisdiction of the court of a sister state may be inquired into, although the record of the judgment states facts giving it jurisdiction. The record is never conclusive as to a recital or statement of jurisdictional facts, and the defendant is always at liberty, when a suit is brought in this state on a judgment of a court of a sister state, to show a want of jurisdiction, although the record avers the contrary. (5 *Wend.* 158. 6 *Id.* 452. 4 *Cowen*, 294.) No court can acquire jurisdiction by a false assertion of facts on which jurisdiction depends. (5 *Hill*, 168, *Bronson, J.*) But the record of a judgment of a court of a sister state, which states facts giving the court jurisdiction, will be received as *prima facie* evidence of such facts. (6 *Wend.* 452, 3. 5 *Id.* 148.) The defendant, however, is not estopped by such statement in the record from contradicting and disproving it. (*Id.*) The defendant is always at liberty to show that the court had not jurisdiction of the subject matter of the suit, or of his person, by the personal service of process, or by his appearance in the suit, either in person or by attorney. (6 *Id.* 447, 452, 3. 5 *Id.* 158.) Parker, Ch. J., in *Hall* v. *Williams*, (6 *Pick.* 239,) intimated an opinion that if it appeared by the record that the defendant had notice of the suit, or that he appeared in defense, he could not, under the constitution of the United States, and the act of congress, be allowed to contradict the record, by disproving the statement therein of notice of the suit, and of his appearance. But in this state it has been distinctly settled, by repeated adjudications, that no statements in the record can conclude the parties as to any jurisdictional fact. But where the record of a court of a sister state, on its face, shows that the court had jurisdiction of the subject matter of the suit and of the person of the defendant, and where such jurisdiction is not disproved, such record is, under the constitution

of the United States, and the laws of Congress, conclusive evidence of every other fact contained in it. It ranks as high as a domestic judgment; and will be as conclusive as such a judgment, upon the parties. (9 *Mass. Rep.* 468. 6 *Wend.* 453. 6 *Pick.* 241.)

If the record of a judgment of a court of a sister state omits a statement of facts necessary to give the court jurisdiction of the person of the defendant, and it is sought to be enforced in this state by an action founded upon it, no credit can be given to such judgment, and it will be regarded as a nullity. (6 *Wend.* 450, 453. 9 *Mass. Rep.* 467. 5 *Wend.* 162. 6 *Pick.* 241, 245, 247. 13 *John.* 206, 207. *Kibbe* v. *Kibbe, Kirby,* 119. 5 *John.* 41.) The same principle seems applicable to a record of a judgment of a court of this state, where the record does not show that the court acquired jurisdiction of the person of the defendant. (11 *Wend.* 647, 653.)

Where the record of a judgment of a court of a sister state does not show that the court acquired jurisdiction of the person of the defendant, can the plaintiff in an action in this state, founded upon the judgment, prove, by parol evidence, in aid of the record, that the court which rendered the judgment did obtain jurisdiction of the person of the defendant, either by personal service of process, or by his appearance in person or by attorney? I think he can not. It is not competent either to contradict, or to add to a record. Although a party may offer evidence to explain, he can not to add to, or contradict, a record. (2 *Cowen & Hill's Notes,* 839, 799. 2 *John.* 24. 1 *Phil. Ev.* 317.) A party may show that the instrument produced is not in truth a record. Thus the defendant may show that it is a forgery; or he may show a want of jurisdiction in the court pronouncing the judgment. If the court had not jurisdiction, the paper introduced is, as to the defendant, no record. (5 *Wend.* 158.) The principle which forbids the contradiction of a record, has no application to a case where the question is whether there is or is not a record. The question is an altogether different one where a plaintiff, suing upon a judgment, as a valid and binding judgment, introduces in evidence the re-

cord of the judgment, and then offers parol evidence to supply a material omission in the record; in other words, offers parol evidence to add to the record. A record can only be proved by the original on file, or an exemplification in due form of law, or a sworn copy. Its contents can not be proved by parol. (1 *Phil. Ev.* 316, 317, 386.)

If it was merely a deed or other written instrument, parol evidence would be inadmissible to contradict, add to, or vary it. (*Id.* 547.) I think, therefore, that the testimony of Chase and others, under a commission, introduced in evidence, on the trial of this cause, by the plaintiff, was incompetent evidence. If the record does not show that the court in New Hampshire acquired jurisdiction of the person of the defendant, it was not competent for the plaintiff to supply this omission by parol evidence.

I think, upon the authority of *Shumway* v. *Stillman*, (6 *Wend.* 447,) that the record in this case sufficiently shows that the court in New Hampshire acquired jurisdiction of the person of the defendant. The record states that at the September term (1838) of the court the parties appeared, and that the action was afterwards continued from term to term until the September term of 1840, when judgment was rendered in favor of the plaintiff. In *Shumway* v. *Stillman*, the record stated that the defendant, by E. Hinds, his attorney, appeared and pleaded the general issue. It also showed that the suit was commenced by attachment; that bank notes to the value of $75,26 and a quantity of machine irons of the value of one dollar, both the property of the defendant, were attached by the sheriff; that the defendant was not found in the bailiwick of the sheriff, and that he summoned E. Hinds, Esq. the attorney of the defendant, by giving him a copy of the writ. Savage, Ch. J. (p. 452,) says: "By the record it appears that the defendant was not personally served with process, and that an attachment was served upon bank bills, as the property of the defendant. But this does not disprove the fact that he appeared by his attorney, E. Hinds: this fact appears from the record. Although the defendant was not served with process, still he may have authori-

zed an attorney to appear for him and litigate the plaintiff's claim against him." Chief Justice Savage, in that case also said, (p. 453,) that the record was prima facie evidence of the fact of the appearance of the defendant by his attorney, and, being uncontradicted, was conclusive. The present case is substantially the case of *Shumway* v. *Stillman.* Here it appears that the suit was commenced by attaching real estate of the defendant, and by leaving a copy of the writ of attachment with the town clerk. But the record states that subsequently, at the September term of 1838, the parties appeared in the suit. By this statement we must intend that both parties appeared; and that the defendant appeared either in person, or by attorney. If the defendant did so appear, the court acquired jurisdiction of his person, and the record of the judgment is conclusive evidence of his indebtedness, and it can neither be impeached nor contradicted by him. In *Shumway* v. *Stillman*, (4 *Cowen*, 296,) Sutherland, J. says, " every presumption is in favor of the jurisdiction of the court. The record is prima facie evidence of it, and will be held conclusive, until clearly and explicitly disproved." He says " the defendant, although a resident of the state of New-York, may have been personally served with process in Massachusetts, may have entered special bail in the action, and may have appeared and litigated the cause, either in person or by attorney, upon the trial." In *Starbuck* v. *Murray*, (5 *Wend.* 159,) Marcy, J. says, " Although the defendant was not in the state, he might have authorized the entry of his appearance. He might have appeared by an attorney and fully contested the right of the plaintiff to recover. If he authorized his appearance, or if he retained an attorney to appear and defend the suit, his person would, by either of these acts, be submitted to the jurisdiction of the court." And at page 160, he says, " if the property of the defendant was attached to compel him to appear and answer the proceedings *in personam*, and he did, in fact, appear and litigate the cause with the plaintiff, he could not be heard to question the jurisdiction of the court over his person. In *Mayhew* v. *Thatcher*, (6 *Wheat.* 129,) decided in 1821, where the declaration was on a judgment rendered in

Massachusetts, the original suit was commenced by a process of foreign attachment; but the defendant subsequently appeared and made a defence: Marshall, C. J. says, "Although the original suit was commenced by an attachment, yet as the defendant had personal notice of the suit and afterwards appeared and took defense, even supposing there was any objection to the proceeding by attachment, it was cured by the appearance of the defendant and his litigating the suit." In that suit it was held that *nil debet* was not a good plea to the declaration.

I am aware that in *Pawlings* v. *Bird's Ex'rs*, (13 *John.* 206,) Platt, J. says, if the defendants in a suit commenced against them as absent and absconding debtors, by attachment, should subsequently actually appear and defend the suit, such appearance and defense must be deemed to have been merely to protect the pledge which was the legitimate object of the proceeding. The same opinion was very distinctly expressed by Parsons, C. J. in *Bissell* v. *Briggs*, (9 *Mass. Rep.* 468.) He says, " if the defendant, after the service of the process of foreign attachment, should, either in person have gone into the state of New Hampshire, or constituted an attorney to defend the suit, so as to protect his goods, effects, or credits from the effect of the attachment, he would not thereby have given the court jurisdiction of his person ; since this jurisdiction must result from the service of the foreign attachment." I confess that I am inclined to concur in the opinion of Chief Justice Parsons, and to hold, in accordance with his opinion, that the appearance of the defendant in this case, in the original suit, should be deemed an appearance merely to protect the property attached; and that he did not, by such appearance, give the court of common pleas in New Hampshire jurisdiction of his person. But I consider myself bound by the decisions in *Starbuck* v. *Murray*, *Shumway* v. *Stillman*, and in *Mayhew* v. *Thatcher ;* and I must therefore hold that the appearance of the defendant in this case, in the original suit, gave the court jurisdiction of his person.

The objection to the recovery, that the execution issued on the original judgment in New Hampshire had not been returned, or accounted for, is not tenable. The same objection was made

in *Shumway* v *Stillman*, (6 *Wend*. 453,) and overruled.   The error of the judge, in receiving parol evidence of the appearance of the defendant, in the original suit, by Chase as his attorney, did not prejudice the defendant.   The trial was by the court, and the record was sufficient proof of the defendant's appearance in the original suit, without the aid of such parol evidence.

The motion for a new trial must be denied.

SAME TERM.   *Before the same Justices.*