WILLIAM M. LOWRY et al., Appellants, *v.* WILLIAM H. INMAN, Respondent.

Stockholders in a banking corporation are only personally liable, or their individual property chargeable for the debts of the corporation, to the extent, and as prescribed by the charter. By the act of becoming stockholders they assent to the terms, and assume the liabilities imposed by the act creating the corporation. The obligations thus assumed are limited by the terms of the charter, and cannot be extended by implication beyond the terms of that instrument, reasonably interpreted. If a general personal liability is created, it may be enforced by a personal action, as other personal obligations are enforced. If the charter merely

Statement of case.

permits the individual property of stockholders to be levied, and taken upon execution, on a judgment against the corporation in a given contingency, and provides that the same process may be used and enforced by the stockholders whose property is first taken, against the property of the other stockholders, so as to compel a ratable contribution by all, no general individual liability is created for which a personal action can be brought. In such a case the creditor of the corporation is confined to the remedy against the stockholders and their individual property given by the act.

Where the individual property of the stockholders is made liable for the debts of the bank, either absolutely or conditionally, and by a specified process, an indorsement upon the bills of the bank of the words, " individual property of stockholders liable," is but notice of the charter liability, and of itself gives no rights of action to the bill-holders against the stockholders, or against the president or cashier of the bank signing the bills officially. The bill-holders, by means of such indorsement, acquire no rights against the officers or stockholders or their property other than such as are given by the charter, with which all persons dealing with the corporation or receiving its obligations are supposed to be conversant.

(Argued June 7th, 1871 ; decided September 2d, 1871.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming order and judgment of the spring term, sustaining defendant's demurrer to plaintiff's complaint.

The complaint alleges, that the defendant was a citizen of Georgia, and a stockholder of the North-western Bank of Georgia, owning at the time of the issuing of the bills sued on, and at the present time, $25,000 of the stock, par value, being one-eighth part of the stock of the bank.

The complaint further alleges, the issuing of divers bills or notes by said bank ; the ownership thereof by the plaintiffs ; the bringing of a suit thereon against the bank ; the service and appearance of the bank ; the defence of the action on the merits ; and the recovery of a judgment against the bank ; the issuing of an execution against the property of the bank, and the return thereof unsatisfied.

That the defendant, as president or cashier of said bank, signed a part of said bank bills, containing the words " *individual property of stockholders liable*," and issued the same.

That the plaintiffs gave value for said bills, knowing of said words, and relying upon the assertion of the defendant, that the stockholders of said bank were individually liable for said bills.

Section 18 of the charter, under which defendant's liability is claimed to arise, is as follows :

Section 18. " And be it further enacted by the authority aforesaid, that no one shall subscribe for or own or purchase stock in said bank, unless he or she be a citizen of Georgia, and one-third of said stock shall be subscribed for by citizens of Georgia.

" The private or individual property of each stockholder, as well as their joint property, shall be liable for the redemption of the bills of said bank, and for the payment of all the debts and liabilities of the same, and when any judgment shall be obtained against said bank, and execution issued thereon, it shall be the duty of the levying officer, first to levy the same on the property of said incorporation, and to sell the same ; and if the proceeds thereof shall be insufficient to pay off said execution, and the return of said officer, of no corporate property shall be sufficient proof of the same, it shall be the duty of said officer, next to levy said execution on the individual property of any stockholder or stockholders, and sell the same, until an amount is raised sufficient to pay off said execution ; provided the same is not for a greater amount, than the value of the stock of the stockholder whose property is levied upon, and if for a greater amount, in that case an amount equal to the amount of his stock. And judgment obtained against said bank by any creditor, shall not only bind the property of said bank, but shall also bind the individual property of each stockholder, to the amount of his stock, without the necessity of bringing any suit against the stockholders ; and service of a copy, in substance, of the declaration and process upon the president or cashier of said bank, shall be adjudged sufficient service and notice, both to said bank and to each stockholder therein, to render the property of said bank, and the individual property of each stockholder

therein, subject and liable for the payment of any judgment which may be rendered against said bank, each stockholder to be liable in proportion to the amount of his stock, for the entire indebtedness of said bank; and any stockholder who pays off any such execution or part thereof, shall have the right to use and control the same *fi fa*, against all the other stockholders, so as to collect the ratable share of each of them."

Defendant demurs to the complaint, that it does not state facts sufficient to constitute a cause of action.

*F. C. Barlow*, for the appellants. That the remedy given by statute must be as broad as the right; otherwise it is not exclusive. (*Buckford* v. *Hood*, 7 Term R., 620; *Smith* v. *Lockwood*, 13 Barb., 217; *Atwood* v. *R. I. A. Bank*, 1 R. I., 376; *Ex parte Van Riper*, 20 Wend., 616.) The liability exists at common-law. (*Allen* v. *Sewall*, 2 Wend., 338; *Moss* v. *Oakley*, 2 Hill, 265, 269; *Bailey* v. *Bancker*, 3 Hill, 188; *Harger* v. *McCulloughs*, 2 Denio, 119, 123; *Paine* v. *Stewart*, 33 Conn., 516, 530; *Abbott* v. *Aspinwall*, 26 Barb., 207; *Merchants' Bank* v. *Bliss*, 35 N. Y., 414; *President of Waterford Co.* v. *The People*, 9 Barb., 172; *Almy* v. *Harris*, 5 Johns., 175; *Dudley* v. *Mayhew*, 3 N. Y., 15; *Moss* v. *Averill*, 10 id., 459; *Corning* v. *McCullough*, 1 Comst., 47; *Story* v. *Furman*, 25 N. Y., 221.) The right being a common-law one, the remedy should be also; and the creditor is not confined to the statutory remedy, at least in this State. (*Ibbotson* v. *Poughkeepsie Bank*, 24 Wend., 473; *Dauchy* v. *Brown*, 24 Vt., 205, 206; *Smith* v. *Spinola*, 2 Johns., 199; *Whitmore* v. *Adams*, 2 Cow., 632; *Hinkley* v. *Mareau*, 3 Mason, 90; *Titus* v. *Hobart*, 5 id., 378; Story Confl. Laws, §§ 570, 571; *De La Vega* v. *Viana*, 1 Barn. & Adol., 288.) Defendant is estopped by the words on the bills. (*Atwood* v. *Agricultural Bank*, 1 R. I., 376.) Defendant bound by the judgment against the bank. (*Starbuck* v. *Murray*, 5 Wend., 159; *Becquet* v. *McCarthy*, 2 B. & A., 951; *Douglas* v. *Forest*, 4 Bing., 702, 703; *Sumner* v. *Marcy*, 3 M. & W., 115;

2 Phill. Ev., 200–202, note; *Valer* v. *Dumesque*, 4 Exch., 303; *Marcy* v. *Clark*, 17 Mass., 333; *Brewer* v. *Gloucester*, 14 id., 216; *McRae* v. *Mattoon*, 13 Pick., 53; *Kelsall* v. *Marshall*, 1 C. B., N. S., 241; *Bank of A.* v. *Hanling*, 9 C. B., 687.) The tendency of the courts is to amplify remedies. (*Russell* v. *Smith*, 9 M. & W., 818.)

*John H. Reynolds*, for respondent. That respondent is not a party to the judgment in Georgia, and therefore is not bound. (Brooms Comm., 263, ed. 1864, De Grey, C. J., in *Duchess of Kingston's Case*, 2 Smith's Leading Cases, 573, note; *Mills* v. *Duryee*, Buller's Nisi Prius, 233; *McElmoyle* v. *Cohen*, 2 American Leading Cases, 790, et seq.; *Green* v. *Sarmiento*, 1 Peters, C. C. R., 74; *Whitman* v. *Cox*, 26 Maine, 339.) It was a proceeding *in rem*, and has no extra territorial effect. (*Bates* v. *Delavan*, 5 Paige Ch. R., 299; *Cunningham* v. *Pell*, 5 Paige Ch. R., 611; Story's Confl. of Laws, §§ 322, 328, 432, 575, 539, 546, 547; *De Witt* v. *Burnett*, 3 Barb., 89; Broom's Maxims, " *audi alteram partem*," 80; Westlake's Private Inter. Law, Art., 388; *Buchanan* v. *Rucker*, 1 Camp, N. P. R., 67; 2 Cowen & Hill's Phillips on Evidence, p. 203, note 306; 1 Green's Ev. §§ 522, 523, 541; Story on Confl. of Laws, §§ 539, 546, 547, 586–590; 8 Cowen R., 311; Cowen & Hill's Phillips on Ev., *supra;* 2 Smith's Leading Cases, 573, notes.) The section of the charter referred to, is in derogation of the common-law, and will be restrained within its literal import. (Sedgwick on Stat. and Const. Law, 313, 319, 147, 351; *Bussing* v. *Bushnell*, 6 Hill, 382; *Benjamin* v. *Benjamin*, 1 Seld., 383; *Allen* v. *Miller*, 17 Wend., 202; *McGuen* v. *Regan*, 2 Wheaton, 25; *Bloom* v. *Bundick*, 1 Hill, 130; *Bigelow* v. *Stearns*, 19 John's, 39; *Powell* v. *Tuttle*, 31 Coms., 396; *Olmstead* v. *Elder*, 1 Seld., 144; *Sherwood* v. *Reade*, 7 Hill, 431; *Thatcher* v. *Powell*, 6 Wheaton, 119; *Jackson* v. *Esty*, 7 Wend., 148; *Parker* v. *Overman*, 18 How., U. S., 137; *Garrison* v. *Howe*, 17 N. Y., 464; *Bird* v. *Haydon*, 2 Abb., N. S., 66; *People* v. *Lambier*, 5 Denio, 9; *Bennet* v. *Ward*, 3 Cai.,

259; *McCluskey* v. *Cromwell*, 11 N.Y., 593; *Rathbun* v. *Acker*, 18 Barb., 393; *B. and U. R. R. Co.* v. *Robins*, 22 Barb., 662.) In no view does the section impose an individual liability. (Broom's Maxims, 514, 582, Marg., 415; 2 Bl. Com., 380; *Lane* v. *Morris*, 10 Georgia R., 168; *Patterson* v. *Baker*, 50 Barb., 432; *Lane* v. *Thornton*, 11 Georgia R., 497.) Section 18 can ground no action before a foreign tribunal. (*Ferusson* v. *Fyffe*, 8 Cl. & Fin., 121; Story's Confl. of Laws, Ch., 14, §§ 556–558; 2 Kent's Comm., 559, ed. 1866; Broom's Comm., 45, 46; Wheaton's Inter., Law, 139; Westlake Private Inter. Law, Art., 468, Art., 166; *Watrip* v. *Pierce*, 35 N. H., 582; *Titus* v. *Hobart*, 5 Mason, 379; *Pickering* v. *Fisk*, 6 Verm., 102; *Donn* v. *Lippmann*, 5 Cl. & Fin., 1.) The party seeking for redress is restricted to the statutory remedy. (Ch. WALWORTH in *Renwick* v. *Morris*, 7 Hill, 575; BRONSON, C. J., in *Stafford* v. *Myerhoff*, 3 Hill, 40; SAVAGE, C. J., in *McKeon* v. *Caferty*, 3 Wend., 495; Ld. TENDERTON in *Rochester* v. *Brydges*, 1 B. & Adol., 847; Ld. CAMPBELL, C. J., in *Couch* v. *Steele*, 3 El. & Bl., 44; *Hinsdale* v. *Larned*, 16 Mass., 65; *Gedney* v. *Inhabitants of Tewksbury*, 3 Mass., 307, 309; *Henniker* v. *Contoocook V. R. R.*, 9 Foster, N. H., 147; Sedgwick on Stat. and Const. Law, 94, 402, et seq.; *Moncrief* v. *Ely*, 19 Wend., 405; *Stevens* v. *Evans*, 2 Burrow, 1152, 1157; 2 Inst., 200; Com. Digest, Action upon Statute C.; *Crittendon* v. *Wilson*, 5 Cowen, 165; *Dudley* v. *Mahew*, 3 N. Y., 9; *Smith* v. *Lockwood*, 13 Barb., 209; *Hardeman* v. *Bowen*, 39 N. Y., 199; *Sumner* v. *Marcy*, 3 W. & M., 106; *The People* v. *Hazard*, 4 Hill, 207; *Almy* v. *Harriss*, 5 Johns., 175; Smith on Stat. and Const. Construction, §§ 661, 664, 667; Dwarris on Stat., 667; *Erickson* v. *Nesmith*, 15 Gray, 221; S. C., 3 Allen, 223; 3 Kent's Comm., 27, ed. 1866; SHAW, C. J., in *Gray* v. *Coffin*, 65 Mass., 199; DEWEY, J., in *Erickson* v. *Nesmith*, 86 Mass., 285; *Andrews* v. *Collinder*, 13 Picker, 490, An. & Am. on Corporations, 388 n., 597, 602 and n., 613; Parsons on Contracts, 143; *Patterson* v. *Baker*, 50 Barb., 432; 1 Lindley on Partnership, 4; *Sumner* v. *Marcy*,

3 Wood & M., 106; *Erickson* v. *Nesmith,* 15 Gray, 221; 4 Allen, 223; *Hinsdale* v. *Larned,* 16 Mass., 65;. *Halsey* v. *McLean,* 12 Allen, 438; *Bank of Australasia* v. *Nias,* 16 Q. B., 734; *Winter* v. *Baker,* 5 Barb., 432.)

ALLEN, J. No personal liability attaches to the defendant, by reason of the words, "individual property of stockholders liable," appearing upon the face of the bills issued by the bank, and signed by the defendant, as one of its officers. It was but the literal statement of a fact, as it existed.

The extent of such liability, the qualification attached to it, and the manner of its enforcement, are not stated. The liability exists under, and is modified and limited by, the statute creating the corporation; and the indorsement, made to give credit and currency to the bills, had respect to the provisions of the charter, and was not made or understood as an independent undertaking of the stockholders, or as a representation of a liability, other than such as the statute creating the corporation designated.

Every person dealing with a corporation, or receiving its obligations, is supposed to be cognizant of the provisions of its charter.

The representation of the indorsement is, that the individual property of stockholders is liable for the payment of the bill, and the statute declares the same in the same words; and the defendant, by subscribing to the stock and becoming a stockholder, has consented and agreed that his individual property, shall be liable for the redemption of the bills of the bank, according to the terms and in the manner indicated by the act. The sole question is upon the interpretation and effect of the statute, as that defines the character and extent of the liability assumed by stockholders. The indorsement upon the bills, is but a notice to the public of the charter liability.

A personal liability of stockholders for the debts of a corporation, in virtue of the charter, is not in the nature of a penalty or forfeiture, and does not exist solely as a liability imposed by statute. It is not enforced simply as a statutory

obligation, but is regarded as voluntarily assumed, by the act of becoming a stockholder. By such act he assents to be bound, or that his property shall be charged with debts of the corporation, to the extent and in the manner prescribed by the act of incorporation.

By the act of incorporation, corporators may enjoy absolute immunity from liability upon or for corporate obligations, or they may be liable absolutely, and to the fullest extent, for every corporate debt, as if no corporation existed; and there may be every shade and degree of liability, either personal or of property, between the two extremes. The legislature, in qualifying and modifying corporate rights and individual liability, may prescribe the limits of each, as well as the forum in, and the proceedings by which any liability imposed may be enforced.

The intent of the legislature is the foundation of the liability, and that being ascertained from the words of the charter, every other question is readily solved. In many charters the intent is obvious, to impose an absolute liability on the stockholders. In all such cases the liability is personal, and, following the person, may be enforced as other personal obligations are enforced, and according to the course of procedure, in the place where the individual sought to be charged is found. It is not in such case a statutory remedy, or a liability based upon a statute, and which is confined in its operation, to the limits of the sovereignty creating the corporation, and without extra territorial force or obligation. It is like other obligations, assumed in the form prescribed by the laws of the place where made, and, being valid there, is enforceable everywhere. Its validity, interpretation and effect are to be determined by the *lex loci;* but the remedy is governed by the *lex fori.*

If therefore, the act of the legislature of Georgia, incorporating the North-western Bank of Georgia, had declared, in terms, that each stockholder should be individually liable, for the redemption of the bills and payment of the debts of the bank, or that the stockholders generally, or jointly and

severally, or otherwise, should be so liable, there would be no doubt, upon principle, or the decisions of our own courts, that the courts of this State would be open to a creditor of the bank, to enforce the liability of a stockholder for the payment of such debt, according to the terms of the charter. (*Corning* v. *McCullough*, 1 Comst., 47; *Hawthorne* v. *Calef*, 2 Wall., 10; *Ex parte Van Riper*, 20 Wend., 616.)

Any words importing a personal liability, will be equivalent to an express declaration, and sufficient to give the right of action; and, for present purposes, it may be assumed that general words, without limitation or qualification, charging the property, real and personal, of the stockholder, with the debts of the corporation, would create a personal liability. But the intent of the legislature to enforce, and of the stockholder to assume this liability, must appear from the language employed, giving every part of the instrument its proper force and meaning. If, taking every part of the act touching the liability of stockholders, or their property, and giving the words their usual and ordinary signification, where they do not appear to have been used in a peculiar or unusual sense, and interpreting it as a whole, it is evident, that the intent was not to create a general personal or property liability, but to charge the property of the stockholders, and that not generally, or by the usual and ordinary process, but conditionally, and by a peculiar and unusual procedure. only available in the courts of that State, not only limiting and prescribing the security and rights of the creditor, and the obligation and liability of the stockholder, but prescribing the remedy, going with it and as a part of the right, a general personal liability will not attach to the stockholder.

The operation and effect of the statute, or the liability of the stockholder, which is measured by it, cannot be extended by implication. There is no implied undertaking of the defendant as a stockholder of the bank; and there is no obligation resulting from that relation, other than such as is expressed in terms, or by necessary implication in the act of incorporation.

The plaintiffs must bring the case, within the four corners of that instrument or fail in their action.

If the charter does not impose an obligation, upon which an action could be brought and a personal judgment given, as upon any other contract liability, to be enforced against the person or property of the judgment debtor, as allowed by the *lex fori*, the demurrer is well taken. The right to an independent, personal action, as well in Georgia as elsewhere, is claimed and must be maintained if this action can be sustained; for if no action would lie in Georgia, it is because the statute has provided another and adequate remedy, and has restricted the parties to that remedy.

An action *in personam*, giving the persons all the rights and remedies incident to a judgment in such action, is very different from a proceeding by special process *in rem*, either against specified property, or the property at large of the debtor.

If the charter merely makes the private property of stockholders liable, for the fulfillment of the contracts of the company, and points out no mode in which this liability may be made available, and the courts of other States may give effect to the provision, the course of proceeding must be regulated, by the law of the State where the remedy is sought to be enforced. (*Drinkwater* v. *Portland Marine Railway*, 18 Maine, R., 35.)

If such had been the provision of this charter, the question would be material, whether such a provision, standing by itself, did subject the stockholder to a general individual liability. If, however, the effect of this charter, and the substance of the obligation of the corporation, is not, to charge the property of the stockholder generally, but only to an amount equal to his stock, upon prescribed conditions and by a specific process, the remedy of the creditor must be sought, according to the terms and by the means provided by the charter.

The right of creditors of the corporation, against the corporators, rests upon the statute, and the assent of the stockholders to its terms and conditions, and the same statute gives

the remedy, and within well settled rules the party is confined to the remedy given. (*Renwick* v. *Morris*, 7 Hill, 575; *Stafford* v. *Ingersoll*, 3 id., 38; *McKeon* v. *Caherty*, 3 W. R., 494; *Moncrief* v. *Ely*, 19 W. R., 405; *Hardmann* v. *Bowen*, 39 N. Y., 196.)

Whether the obligation is imposed, and the remedy given solely by the statute, or rests upon the assent of the stockholders to the terms and conditions of the act, the result is the same; the obligation, or liability, and the remedy, are inseparable; and the party interested is confined to the remedy prescribed by the act, and assented to by the stockholder. If the liability rested solely upon contract, and the contract provided an adequate remedy, the parties would be restricted to that remedy. Every other remedy would be excluded by necessary implication.

The terms and conditions of a contract, have the force of law over those who are parties to it. *Modus et conventio vincunt legem.* (2 Rep., 73.)

The provision touching the liability of corporators, for the debts of the corporation, is found in the eighteenth section of the charter, which is devoted to that subject. It does not, in terms, declare that stockholders shall be individually or personally liable for the debts of the corporation. It first declares, that none but citizens of the State shall subscribe for, or own, or purchase, stock in the bank. The act did not contemplate a necessity, for any obligation or liability of extra territorial force. It then enacts, that the private or individual property of each stockholder, shall be liable for the redemption of the bills, etc., and in the same sentence proceeds to dictate, the circumstances and conditions under and upon which, as well as the particular process by which, the liability shall be enforced, and the property of the stockholders subjected to the payment of the debts of the bank, to wit, by an execution upon a judgment against the bank. In a subsequent clause of the same section, provision is made, for the use and control of the same process, to do equity between the stockholders, and compel a ratable contribution from all. The act provided,

as the appropriate remedy, that a judgment and execution against the corporation should be a lien upon, and be enforced against, the individual property of the stockholders made liable by the act. It in terms, made the property liable upon a judgment and execution against the bank, to which the stockholders were not parties, and the property was not made liable in any other way or by any other process. It is very evident, that an independent action would not lie in Georgia, against the stockholders of this corporation, for the obvious reason, that an adequate remedy is provided by this act, without action, and if not, then it cannot be maintained elsewhere. The act only charges and binds the property of the stockholder, by subjecting it to execution in satisfaction of a judgment against the bank, and makes the same process do equity between all the stockholders; and this cannot be done by any other process, or by the courts of any other State.

The remedy is necessarily confined to the sovereignty of Georgia, and can have no recognition or effect beyond the boundary of that State. The charter creates no right and imposes no obligation disconnected with the prescribed remedy, which is local in its character, and not capable of being enforced without the State of Georgia. A foreign tribunal cannot enforce it. (*Pickering* v. *Fisk*, 6 Verm., 102; *Ferguson* v. *Fyffe*, 8 Cl. & Fin., 121; Story on Conflict of Laws, § 556 and *seq.*)

The case was well considered and well decided, by the Superior Court of the city of New York, both at Special and General Term, and the judgment should be affirmed with costs.

All concur.

Judgment affirmed.