Fitzsimmons *v.* Marks.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 7, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]

———— • • • ————

## FITZSIMMONS and others *vs.* MARKS and COHEN.

The only effect of a judgment rendered in another state, in proceedings by attachment against the property and effects of non-residents of such state, without any appearance by the defendants, is to bind the property found in the state under the laws of which such judgment is rendered.

For all purposes of proceeding against the person, such a judgment is a mere nullity; and cannot be sued on as a judgment *in personam,* even in the courts of the same state.

And such judgment being so far void that no action can be maintained upon it as a judgment against the defendants therein, it forms no obstacle to a recovery, here, upon the original demand.

Fitzsimmons *v.* Marks.

If anything is received by the creditor, under the foreign attachment proceedings, it would be a payment, *pro tanto.* *Per* TALCOTT, J.

APPEAL from a judgment rendered for the plaintiffs at the Oneida circuit, on a trial by the court without a jury.

*J. D. Collins*, for the appellants.

*F. D. Kernan*, for the respondents.

*By the Court*, TALCOTT, J. This is an action for goods sold and delivered. It appears that certain persons caused an attachment to be issued, in 1869, in the state of New Jersey, against the property and effects of the defendants, as non-residents of that state. The plaintiffs in this suit filed their claim, on which this suit is brought, with the auditor appointed under the attachment proceedings, as they were authorized to do under the statute of New Jersey, to obtain a distributive share of the property and effects seized on the attachment. The duty of the auditor, under the statute, is to ascertain and report the amounts due to the parties who commenced the suit, and to such persons as may have filed their claims before him respectively, and upon this report a judgment of the court is rendered, establishing the amounts so due. No process to bring the debtor into court is issued, but a notice is required to be published in some paper in New Jersey, under which the debtor may appear, if he sees fit. There was no appearance in this case, and the New Jersey court proceeded solely upon the publication. The usual judgment was rendered, establishing the amount due to those creditors who had filed their claims. The statute itself does not purport to bind the debtor personally, but only the property taken on the attachment. The sole defence in this case is, that the demand was merged in the New Jersey judgment, and that the action can-

not therefore be maintained on the original indebtedness, but should have been brought on the judgment. It is, however, perfectly well settled, at this day, that the only effect of such a judgment is to bind the property found in the state under the laws of which such a judgment is obtained. For all purposes of proceeding against the person, the judgment is a mere nullity. (*Noyes* v. *Butler*, 6 *Barb.* 613, *and cases cited.*) As was said by Bronson, J., in *Oakley* v. *Aspinwall*, (4 *N. Y.* 521,) "When the courts of a state render a judgment against a person who was not a citizen of that state, and was not brought into court, the judgment is held absolutely void everywhere else, although it may have been expressly authorized by the legislature of the state where it was rendered." (*See also Kerr* v. *Kerr*, 41 *N. Y.* 272.) Such a judgment cannot be sued on as a judgment *in personam*, even in the courts of the same state. (*Force* v. *Gower*, 23 *How. Pr.* 294.)

It was held, at an early day, in Pennsylvania, that a judgment obtained in another state on a foreign attachment was *prima facie* evidence of indebtedness in the state where suit was brought upon it. (*Phelps* v. *Holker*, 1 *Dall.* 281. *Betty* v. *Death, Addison*, 265.) This was upon the idea that it was necessary under the provision in the United States Constitution regarding the faith and credit to be given in a state to the records and judicial proceedings of another state. In a later case, however, in the Supreme Court of the United States, this doctrine was repudiated, and Catron, J., delivering the opinion of the court, says: "Nor has *any* faith or credit been given to such judgments by any state of this Union, so far as we know. The state courts have universally, and in many instances, held them to be void, and resisted their execution by a second judgment thereon." (*D'Arcy* v. *Ketchum*, 11 *How. U. S.* 165.) The same case holds that no action can be maintained in a sister state on such a judgment.

Cridler *v.* Curry.

The New Jersey judgment being so far void that no action can be maintained upon it as a judgment against the defendants, it forms no obstacle to a recovery upon the original demand.

If anything is received by the creditor under the foreign attachment proceedings, it would be a payment *pro tanto;* but in this case it is not claimed that anything was realized under these proceedings, by the plaintiffs.

Judgment affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 7, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]