## SUPREME COURT.

### GUSTAVUS SHEPARD agt. REUBEN G. WRIGHT.

*Action upon a foreign judgment — When it will lie.*

The courts of this state recognize foreign judgments as binding here when the record shows that the courts rendering a judgment had jurisdiction of the subject and of the person of the defendant, and give full credit to such judgments by refusing to retry the matters when once determined in an action where the foreign courts had acquired jurisdiction.

But the judgment of the court of a sister state has no binding effect in this state, unless the court had jurisdiction of the subject-matter and of the person of the party sought to be affected thereby, and the want of jurisdiction renders the judgment a mere nullity here.

Where it appeared that the defendant was served with a copy of the bill of complaint in the action in the Canada court, at the village of Westfield, in the county of Chautauqua, in the state of New York, the place of defendant's residence, where the service was made:

*Held,* that such service did not give the court jurisdiction of the person of the defendant. No sovereignty can extend its powers beyond its own territorial limits to subject either person or property to its judicial decision. Every exercise of authority of this sort beyond this limit is a nullity.

A citizen of one state or country cannot be compelled to go into another state or country to litigate a civil action by means of process served in his own state or country. And a judgment obtained upon such service, where no appearance is made by the person so served, can impose no personal liability which will be recognized beyond the state in which the action originated.

It is claimed that the defendant was a citizen of Canada, although residing in the state of New York at the time of the service upon him of the bill of complaint. and that the Canada court had jurisdiction over his person wheresoever he was served:

*Held,* that if the fact was as is claimed, as a resident of New York, a judgment, to be enforced against him personally elsewhere than in the country where it was obtained, cannot be supported by such a service.

*Special Term June,* 1880.

THIS is an action brought by the plaintiff to recover upon a judgment rendered by the court of chancery for Ontario, in

the Dominion of Canada, a court having general jurisdiction, and having jurisdiction of the subject-matter determined by the judgment.

The defendant, by his answer, denies the allegation of the complaint that he voluntarily or duly appeared in the action, and alleges that the court in Canada had no jurisdiction to render any judgment whatever against him for the reason that no bill of complaint, or process of any kind whatever, was ever served upon him within the province or Dominion of Canada; and for the further reason that he never appeared, either in person or by attorney, in the action.

By the judgment-roll received in evidence, it appears that the defendant was served with a copy of the bill of complaint in the action in the Canada court, at the village of. Westfield, in the county of Chautauqua, in the state of New York, the place of defendant's residence when the service was made.

The record shows that the defendant did not appear in the action, and that the bill was taken *pro confesso* for want of an appearance.

*Geo. W. Cotterill*, for plaintiff.

*Luther R. Marsh*, for defendant.

VAN VORST, *J.* — The plaintiff relies exclusively upon the Canada judgment as a ground for a recovery in this action, no proof having been given of the original cause of action upon which the suit in Canada was brought. But it has been repeatedly adjudicated that the judgment of the court of a sister state even has no binding effect in this state, unless the court had jurisdiction of the subject-matter and of the person of the party sought to be affected thereby, and that the want of jurisdiction renders the judgment a mere nullity here (*Kerr* agt. *Kerr*, 41 *N. Y.*, 272, 275).

In *Starbuck* agt. *Murray* (5 *Wend.*, 148, 158) MARCY, J., says: " If the defendant had not proper notice of, and did

VOL. LIX     65

not appear to the original action, all the state courts, with one exception, agree in the opinion that the paper introduced as to him is no record" (*Shumway* agt. *Stillman,* 4 *Cowen,* 272; *Borden* agt. *Fitch,* 15 *Johns.,* 121; *Noyes* agt. *Butler,* 6 *Barb.,* 613; *Bradshaw* agt. *Heath,* 13 *Wend.,* 407).

And the record itself, if it contained an untrue statement with regard to the service of process upon the defendant, or as to his appearance, can be contradicted when offered in evidence. The record is not conclusive as to a recital of jurisdictional facts, and the defendant is at liberty to show want of jurisdiction although the record avers the contrary (*Noyes* agt. *Butler, supra; Gilman* agt. *Gilman,* 126 *Mass. R.,* 646).

But the learned counsel for the plaintiff urges that the service upon the defendant, at Chautauqua county, of a copy of the bill of complaint, under the laws of Canada, gave the court jurisdiction of the person of the defendant. I cannot agree with him in such contention.

No sovereignty can extend its powers beyond its own territorial limits to subject either person or property to its judicial decision. Every exercise of authority of this sort, beyond this limit is a nullity (*Story on Conflict of the Laws,* sec. 539).

The jurisdiction of state courts is limited by state lines (*Ewer* agt. *Coffin,* 1 *Cushing R.,* 23).

This last case states that "upon principle it is difficult to see how an order of a court, served upon a party out of the state in which it is issued, can have any greater effect than knowledge brought home to the party in any other way."

A citizen of one state or country cannot be compelled to go into another state or country to litigate a civil action by means of process served in his own state or country. And a judgment obtained upon such service, where no appearance is made by the person so served, can impose no personal liability which will be recognized beyond the state in which the action originated (*Freeman on Judgments,* secs. 564, 567).

In *Holmes* agt. *Holmes* (4 *Lans.,* 392), it is held that in

Shepard agt. Wright.

order that the court have jurisdiction of the person of the defendant, it is necessary that the defendant be served with the process of the court, or voluntarily appear in the action, and " that such service of process can only be made within the territorial jurisdiction of the court " (*Dunn* agt. *Dunn*, 4 *Paige*, 425 ; *Ex parte Green* agt. *Onondaga Com. Pleas*, 10 *Wend.*, 592 ; *Folger* agt. *Columbia Ins. Co.*, 99 *Mass.*, 267).

The plaintiff claims, however, that the defendant was a citizen of Canada, although residing in the state of New York at the time of the service upon him of the bill of complaint, and that the Canada court had jurisdiction over his person, wheresoever he was served. There is no evidence that he was other than a citizen of the country of his residence. But if the fact was as it is claimed, as a resident of New York, a judgment to be enforced against him personally elsewhere than in the country where it was obtained, cannot be supported by such a service (*Story's Conflict of the Laws*, sec., 640).

I have carefully considered all the authorities cited by the learned counsel for the plaintiff, and cannot find that they announce a doctrine or practice in opposition to that above stated.

The comity due to the courts of other countries is urged as a ground for a recovery here upon this judgment.

The courts of this state do recognize foreign judgments as binding here, when the record shows that the courts rendering a judgment had jurisdiction of the subject and of the person of the defendant, and give full credit to such judgments by refusing to retry the matters when once determined in an action where the foreign courts had acquired such jurisdiction.

We go no further with respect to judgments of a sister state.

I do not think that the plaintiff has established a cause of action against the defendant, and the complaint should be dismissed with costs.