Van Vorst, J.
The complaint distinctly sets forth that the proper court in'Scotland has issued its process, awarded its decree and adjudged that the defendant pay the amount demanded by the complaint, and further shows that this was done on September 4, 1879.
That the court of session in Scotland had jurisdiction to do this, the answer impliedly admits. In fact, the answer avers that it had exclusive jurisdiction to make a decree binding upon the defendant which cannot be enforced elsewhere than in Scotland Because the defendant has left Scotland and taken up his residence in this country, of itself affords no valid reason why he may not be prosecuted here upon the judgment if this court has jurisdiction of the subject matter. But on the other hand, because the defendant has placed himself beyond the power of the court of session of Scot *298 land to act upon him personally, through his change of residence, a reason exists why he should be sued here if there be no valid objection to the jurisdiction of this court over the subject matter. It is urged by the learned counsel for the defendant that where a right is created and a liability to respond exists “ solely by ■ force of some statute, then the remedy for the enforcement of such right given by statute, if any, is exclusive of all others, and that only can be adopted and prosecuted by the claimant.” And, further, “that where the right claimed is the creature solely of a special statute, it will not be enforced in courts or tribunals beyond or outside of the boundaries of the State by force of whose legislation the right is created or the liability incurred.” In support of this proposition several cases are cited, among which are Lowrey v. Inman (2 Sweeny, 128 ; S. C., 46 N. Y. 129); Dudley v. Mayhew, (3 Comst. 15).
In the case we are now considering, by the terms of the statute under which the City of Glasgow Bank was incorporated, there was imposed upon the stockholders unlimited liability for the debts of the corporation. It was a distinctive feature in Lowrey v. Inman (supra) that there was no personal liability resting' upon stockholders ; and that whatever liability they had incurred by becoming stockholders, was to be enforced only against property upon a judgment to be recovered against the corporation, and that the remedy could not be enforced elsewhere than in the State of Georgia.
It was conceded that if the act of incorporation imposed a personal liability it could be enforced elsewhere.
It is quite true that the particular manner of ascertaining the amount to be contributed by each stockholder can only be effectuated through the court of session of Scotland. But when the liquidators had ascertained and reported the same to the court, it might make a judgment or decree against the stockholders or *299 contributors for its payment, which judgment could be enforced by execution.
That the decree of the court of session possesses all the attributes of a judgment, I have no doubt. And a judgment is a “ debt of record.” In one view it is a new debt, and in another it is the highest expression and evidence of a previous existing obligation or duty (Lewis v. Armstrong, 8 Abb. New Cas. 386, 389, and cases there cited). And as a judgment it may be the foundation of a suit in the courts of other States.
It appears to me that this conclusion is adverse to the defendant’s contention that this court has no jurisdiction of the subject matter of the action. In this ccnnection.it is proper to notice the defense, in which it is claimed that the decree of the court of session of Scotland has no extra-territorial force from the non-service of process upon the defendant, and the absence of of opportunity to be heard.
A kindred objection was considered in a case lately before me in this court, and to which I am referred by the learned counsel for the defendant (Shepard v. Wright, 59 How. Pr. 512).
Upon authority, it was there decided that in order that the court should have jurisdiction to render a judgment which would impose personal liability, to be recognized beyond the State in which the action origin- “ ated, it was necessary that the defendant be served with the process of the court, or voluntarily appear in the action.
It does not appear that the defendant was served with any process in the proceeding in the court of session of Scotland, or that he personally appeared therein. But the defendant, having voluntarily become a member of a foreign corpozutiozz, is bound by the law which created and governs the corporation. The act of incorporation provides a znethod for determinizzg and enforcing the liability of stockholders therein, in a *300 special manner; and by becoming a stockholder, he assented to the proceedings to be taken in pursuance of its provisions for fixing such liability.
Under such conditions the defendant is personally bound by any decree made under that law, which, by it, is declared to be personally binding upon shareholders (Copin v. Adamson, L. R. 9 Ex. 345 ; S. C., 10 Eng. R. 492 ; affirmed, L. R. 1 Exch. Div. 17).
The defendant has voluntarily subjected himself to. the law under which the corporation was organized. The objection that the plaintiffs, as liquidators, taking their appointment in a foreign- country, and under a foreign law, have no status to maintain this action here,
I do not regard as well taken.
The foreign law, in substance, gives the liquidators power to collect the assets and enforce the calls, that would enable them to prosecute the decree which fixed the amount to be paid by each stockholder. Unless they could do this their appointment as liquidators would be fruitless.
I do not think that any analogy drawn from the . power and rights of foreign assignees in bankruptcy, or foreign executors, is in point. The liquidators receive their power and authority not from a foreign court, but from the appointment of the stockholders of the bank, who, at a general meeting and by formal resolution, placed them in the attitude they now occupy with regard to the assets of the bank and the closing up of its affairs.
To this method of appointment and this exercise of power the defendant must also be regarded as having agreed when he became a stockholder. v
■ I have no idea that tho defendant can resist this action, which seeks to enforce a call made upon him to contribute his proportion of the deficiency, for the reason that the plaintiffs have sufficient assets arising from contributions made by other stockholders. He *301 must pay his proper proportion, and, if there be a surplus after the debts are fully paid, he will be entitled to his proportion thereof.
I regard the grounds of demurrer as well taken, and there should be judgment for the plaintiff on the demurrer, with liberty to the defendant to amend on payment of costs.