Johnson agt. Johnson.

Disbursements then, like costs, are to be awarded by the court, as provided in sections 1835 and 1836, Code of Civil Procedure (*R. S., part 2, tit. 3, chap. 6, sec. 37*). They do not belong to the prevailing party in such cases as a matter of right.

Order affirmed, with ten dollars costs and printing disbursements.

---

## SUPREME COURT.

### HELEN M. JOHNSON agt. SAMUEL E. JOHNSON.

*Jurisdiction in divorce — When record of foreign court binding upon plaintiff.*

The plaintiff having brought this action for a limited divorce from defendant, the latter set up a divorce obtained by him from her in Massachusetts:

*Held,* that the record of the Massachusett's court is binding upon the plaintiff as it shows all the facts necessary to give that court jurisdiction both of the subject matter and of the parties.

*Special Term, April, 1884.*

*R. Robertson,* for plaintiff.

*Charles W. Brookes,* for defendant.

VAN VORST, J. — This is an action brought by the plaintiff for a limited divorce as against the defendant. The parties were married in August, 1865. There are four children, issues of the marriage. The plaintiff complains that in February, 1876, the defendant abandoned her, and has ever since failed and neglected to either live with her or in any manner to provide for her.

The defendant in his answer sets up and alleges that by the judgment of the supreme judicial court of the commonwealth of Massachusetts, in an action pending in that court in which the defendant in this action was plaintiff and the plaintiff

Johnson agt. Johnson.

herein was defendant, it was on the 4th day of October, 1876,. ordered and decreed that the marriage then existing between the parties to that action be dissolved on account of the adultery of the plaintiff herein, and that said marriage was dissolved by such decree.   The force and effect of the judgment of the Massachusetts court is the subject chiefly litigated in this action.

By the laws of Massachusetts adultery was at the time of the commencement of the action, in which the decree for divorce was made, a cause for divorce "*a vinculo matrimonii*" (*Genl. Stat. of Mass.*, chap. 107, sec. 6;. *Public Stat. of Mass.*, chap. 146, sec. 1).

It is claimed on behalf of the plaintiff that she and the defendant had never lived together as husband and wife within the state of Massachusetts, and that neither of them lived there when the husband commenced his action in that state for a divorce.   That the process in that action was served upon her within the state of New York, and that by the laws of Massachusetts the courts of that state had no jurisdiction over the parties to grant a valid decree of divorce (*Genl. Stat. of Mass.*, chap. 107, secs. 11 *and* 12).

By the record of the proceedings in the Massachusetts court it appears that the libelant, the defendant in this action, in and by his libel described himself as of Boston, and he alleges that after their marriage, which took place in the state of New York, he and his wife, the present plaintiff, lived together as husband and wife in the commonwealth of Massachusetts, at Pittsfield.

There is some evidence that the defendant in this action was personally living in the city of Boston at the time he filed his libel, although his wife and children were still living within the state of New York, and that he was making arrangements to transact business there; and there is some evidence that he and his wife shortly after their marriage were temporarily living in Massachusetts during some weeks or months.   It is claimed on behalf of the plaintiff, however, that they were

traveling through the state and made only a short stay at Pittsfield.

I do not deem it necessary, with reference to my view of this case, to decide whether or not the libelant actually resided in Boston when he commenced his proceeding there, or whether or not the parties ever lived as husband and wife within the state of Massachusetts. I have come to the conclusion that the record of the Massachusetts court is binding upon the plaintiff, and that it shows all the facts necessary to give that court jurisdiction, both of the subject-matter and of the parties.

It was for the Massachusetts court to determine the question of residence of the parties under the allegations of the libel. *Kinnier* agt. *Kinnier* (45 *N. Y.*, 540) holds that "the question whether he (the libelant) has a residence there, so as to enable him to file his bill, was for that court to determine, and although it may have decided erroneously, the decision cannot affect the validity of the judgment. The *status* of all persons within a state is exclusively for that state to determine for itself. A wrong decision does not impair the power to decide or the validity of the decision when questioned collaterally."

I hold that to be decisive of this branch of the case, and its effect is not shaken by the cases which are cited by the learned counsel for the plaintiff. Nor is the objection well taken that the court never obtained jurisdiction for the reason that the process was served upon her within the state of New York. The objection would have been good if the plaintiff had not appeared in the action or proceeding in the Massachusetts court (*Shepard* agt. *Wright*, 59 *How. Pr.*, 512; *Anderson* agt. *Haddon*, 9 *Abb. N. C.*, 289). The record of the Massachusetts court shows that the decree for a divorce was in the first instance obtained upon the failure of Helen M. Johnson to appear. She made default. But it appears that in January, 1877, and within a few months after the decree, the plaintiff in this action filed her petition in the Massachu-

Johnson agt. Johnson.

setts court, asking that the decree might be opened and for further relief. Upon the filing of her petition the court made an order requiring notice of the order to be served upon the libelant and his counsel, returnable on the first Monday of March then next. The libelant appeared by his attorney of record and moved to dismiss the petition. Afterwards, and on the 27th day of March, 1877, the libelee, by leave of the court, discontinued her petition.

The conclusion I have reached is, that this action on the part of the libelee in the divorce suit in Massachusetts, was an appearance in the action or proceeding. Her petition disclosed all the facts necessary to present to the court the question of jurisdiction, and having intervened in that way, she must be deemed to have appeared, and is concluded by the decree. The court gave her full opportunity to present and litigate all the matters disclosed by her petition, and, if there was a wrong, then and there was the time and place to have had it adjusted. The court had ample power to do her justice. That this appearance was after the decree upon her default does not affect the quality of the appearance in substance. The court had got full control of the proceedings and judgment. And having in this way submitted both her person and her cause to the court, she cannot urge that she is a stranger to the proceeding and is not concluded by the result.

It is scarcely necessary to cite cases showing that an appearance in an action gives the court jurisdiction over the person appearing.

For these reasons the plaintiff's complaint must be dismissed.