McCadden *v.* Slauson.

MCCADDEN *v.* SLAUSON.

(*Jackson.* May 9, 1896.)

1. JUDGMENT. *Presumption as to grounds of.*

A judgment declaring void the judgment of another State entered on a note, will be presumed, in a subsequent action on the note, to have been rendered on the ground that the foreign judgment contravened the law of the foreign State, in the absence of evidence to the contrary. (*Post, pp. 587–589.*)

2. SAME. *If void, not merger of cause of action.*

A judgment which is subsequently declared void in a litigation between the parties, is not a merger of the cause of action so as to prevent a subsequent suit thereon. (*Post, pp. 589, 590.*)

Cases cited: 7 N. H., 257; 66 Barb., 333.

3. SAME. *Conclusive upon parties.*

A judgment from which no appeal was taken, finding void a foreign judgment, is conclusive on the parties on whatever ground it was based. (*Post, pp. 588, 589.*)

Case cited: 27 Am. Dec., 630.

FROM SHELBY.

Appeal from Circuit Court of Shelby County. L. H. ESTES, J.

W. G. WEATHERFORD for McCadden.

MYERS & BANKS for Slauson.

McALISTER, J.   The defendant in error, Samuel Slauson, recovered a judgment in the Circuit Court of Shelby County against the appellant, McCadden, for the sum of $273.32, upon the following note:

"$2,000          OTTAWA, OHIO, October 14, 1889.

"Sixty days after date, we, or either of us, promise to pay to the Ottawa Exchange Bank (Samuel Slauson) or order, two thousand dollars, value received, payable at said bank.   If not paid at maturity, to bear 8 per cent. interest.

"And we hereby authorize and empower any attorney at law of any Court of record in Ohio, or elsewhere in the United States, at any time after this obligation becomes due, to appear before any Court of record in said State of Ohio, or elsewhere in the United States, and waive the issuing and service of process, and confess a judgment against us in favor of above payees, or their assignees, executors, or administrators, for above sum, with interest due thereon, cost of suit, and attorneys' fees; and, thereupon, to release all errors and waive all rights and benefits in our behalf.

"Witness our hands and seals, this fourteenth day of October, A.D. 1889.          No. 1240.

[Signed]     "RICHARDS & Co. (SEAL.)
          "P. McCADDEN.   (SEAL.)"

From the judgment aforesaid McCadden appealed, and has assigned errors.

On the trial below, McCadden relied upon the

plea of *res adjudicata*, and the further defense that said note had been merged in a judgment recovered by defendant in error against plaintiff in error, in the State of Ohio. The defense thus interposed is based upon the following facts:

In February, 1890, Samuel Slauson, the payee of said note, brought suit in the Court of Common Pleas, Putnam County, Ohio, against Richards & Co. and P. McCadden, to recover the amount of said note; and, thereafter, in pursuance of the *cognovit* contained in said note, one Geo. H. Knapp, an attorney of said court, appeared on behalf of defendants, waiving service of process, and confessed judgment thereon, which was duly rendered and entered upon the minutes of said Court. Executions were duly issued upon such judgment, which were returned *nulla bona.* Thereafter, in May, 1892, the said Slauson brought suit upon said Ohio judgment against McCadden in the Circuit Court of Shelby County, and, upon the hearing, the Court adjudged said Ohio judgment void, and pronounced judgment in favor of defendant, McCadden.

The record does not recite the particular grounds upon which said Ohio judgment was pronounced void, nor does the record disclose any of the proceedings in that case, excepting the judgment of the Court. This Court will presume that, upon said trial, the Ohio law was duly proved, and that said Ohio judgment was adjudged void because it contravened said law, since a domestic judgment, if valid where ren-

McCadden *v.* Slauson.

dered, would be valid everywhere. The judgment of the Circuit Court was not appealed, and is, of course, conclusive upon these parties upon whatever ground it was predicated. *Gee's Admr.* v. *Williamson*, 27 Am. Dec., 630.

In the case last cited it was said: "It is well established that whatever has been once established in this Court between the same parties in the same case, continues to be the law of the case, whether orthodox or not, so long as the facts, of which such legal principles were predicated, continue to be the facts of the case."

The record further shows that, on the eighteenth day of September, 1892, the defendant in error, Samuel Slauson, commenced this suit against McCadden in the Circuit Court of Shelby County upon the original note. McCadden pleaded that the judgment of the Ohio Court merged the note in question, and that no suit can be maintained upon the latter in the Court of a sister State.

The replication of plaintiff is that the prior judgment in the Circuit Court of Shelby County, adjudging said Ohio judgment void, estops and precludes the defendant from relying upon this defense of merger. The general rule undoubtedly is that a recovery upon a cause of action bars a new suit upon it for the same reason that the execution of a note in settlement of an account is a defense to a suit upon it—namely, the cause is merged into one

of a higher nature. VanFleet's Former Adjudication, Vol. I., pp. 95, 96.

Says Mr. Black in his work on Judgments, Vol. II., § 864, viz.: "As between the several States of the American Union (contrary to the rule in regard to judgments from foreign countries), it is well settled that the recovery of a judgment in one State, in a Court having jurisdiction, merges the original cause of action so that it cannot thereafter form the basis of a fresh suit in another State. But," continues the author, "if the judgment is not extra-territorially valid for want of jurisdiction—as, where it has been obtained against a nonresident without service upon him or appearance—such judgment, if unsatisfied, will constitute no bar to a subsequent action against him in the State of his domicile on the original demand." *Whittier* v. *Wendell*, 7 N. H., 257; *Fitzsimmons* v. *Marks*, 66 Barb., 333.

We are of opinion that the doctrine of merger is only applicable in a case where a valid judgment has been rendered, and, it having been determined in a litigation between these parties that the Ohio judgment was void, there could be no merger of the note, and the plaintiff is entitled to maintain his suit upon the original cause of action.

The Circuit Judge so held, and we affirm his judgment.